J. R. HORNE, Tax Collector, vs. J. & T. GREEN.

1. TAXES:  *Power of the state.   United States treasury notes.*
The United States notes, commonly known as legal-tender notes, issued under the loan and currency acts of 1862 and 1863, are obligations of the national government, and exempt from state taxation.

2. SAME:  *National bank notes.*
National bank notes, issued under the acts of Congress of February 25, 1863, March 3, 1863, and June 3, 1864, authorizing banking associations, are also obligations of the national government, and exempt from taxation.

3. SAME:  *Debts due from citizens of another state.*
Debts due from a citizen of another state to a citizen and resident of this state are subject to taxation in this state, upon the theory that debts and choses in action have no *situs,* but follow the domicil of the owner.

4. ASSESSMENT OF TAXES:  *Jurisdiction of the board of supervisors.*
The action of the board of supervisors is conclusive only as to irregularities and matters of fact resting wholly *in pais;* for example, misdescription, excessive valuation, listing of property to the wrong person, and the like.   It is not final as to claims of exemption under statutory or constitutional provisions, and is not conclusive against J. & T. Green, though their appearance before the board was equivalent to the notice required by the statute.

CROSS-APPEAL from the Chancery Court of *Hinds* County. Hon. E. W. CABINIS, Chancellor.

J. & T. Green filed their bill and obtained an injunction restraining Horne, tax collector, from selling certain real estate levied upon by him for taxes assessed against the complainants. The agreed facts are as follows:   In 1872 J. & T. Green, bankers, declined to furnish an assessment, and thereupon the assessor assessed them with the sum of $75,000, representing

in equal parts the following funds, to wit: 1st, United States bonds; 2d, depositors' money; 3d, United States treasury notes; 4th, national bank notes; and, 5th, money deposited in the city of New York.

Complainants appeared before the board of supervisors, at the session held for the revision of the tax lists, and objected to the assessment, on the ground that the various funds were exempt from taxation. The board refused to correct the assessment, and, complainants declining to pay the tax, Horne, tax collector, levied upon, and was proceeding to sell, their real estate under said assessment, when the injunction was granted.

By consent of parties a decree was made by the chancery court perpetually enjoining the tax laid on the United States bonds and the depositors' money.

The chancellor, on final hearing, held that the United States treasury notes and the New York deposits were not taxable, but that the tax on the national bank notes was legal. Thereupon both parties appealed from the decree.

*W. L. Nugent*, for J. R. Horne:

1. The state has power to tax United States legal-tender notes.

2. The state has the power to tax national bank notes.

3. Money deposited in New York owned by J. & T. Green, citizens of Mississippi, is taxable by the latter state.

4. The action of the board of supervisors was conclusive on the questions involved in this case. Brooks *v.* Shelton, 47 Miss., 243.

*Frank Johnston*, for J. & T. Green:

1. The state has not power to tax United States legal-tender notes. Code, 1871, § 1663; Act of Congress, February 25, 1862; Stat. at Large, 345; Act of March 3, 1863; 12 Stat., 709; Bank *v.* Supervisors, 7 Wall., 26; 12 ib., 540; Hepburn *v.* Griswold, 8 ib., 603; Veazie *v.* Fenno, 8 ib., 533; McCullough *v.* Maryland, 4 Wheat., 316; Osborn *v.* United States, 9 ib., 732.

2. The state has not the power to tax national bank notes.

Act 25th of February, 1863 (12 Stat., 670) ; Act 3d of March, 1863 (ib., 712) ; Act 3d of June, 1864 (ib., 111) ; Act 30th of June, 1864 (ib., 277) ; Bank *v.* New York City, 2 Black, 621 ; Currency Act of June 3d, 1863 ; 2 Brightly's Dig., 61, § 41 ; cases cited *supra*.

3. Money deposited in New York owned by J. & T. Green, citizens of Misssissippi, is not taxable by the latter state.  4 Wall., 210 ; 7 ib., 267 ; 2 Story's Con., of Laws, 462 ; Hoyt *v.* Commissioners, 23 N. Y., 224 ; 3 Ind., 481 ; People *v.* Home Ins. Co., 29 Cal., 533 ; People *v.* Gardner, 51 Barb., 352.

4. The action of the board of supervisors is not conclusive on the points here presented.

Peyton, C. J., delivered the opinion of the court, in which the questions presented were decided as follows :[1]

1. The United States treasury notes, issued under the acts of Congress, though intended to circulate as money, are obligations of the national government, and exempt from state taxation.   Acts of February 25, 1862, July 11, 1862, March 3, 1863.

2. The national bank notes issued by the national banking associations, under authority of Congress, are also obligations of the national government, the only difference between them and the legal-tender notes being that the government is primarily liable for the latter, and secondarily liable for the former, upon the failure or default of the national bank issuing the notes.   Acts of February 25, 1863, March 3, 1863, June 3, 1864, and June 30, 1864.

3. The money deposited in New York is a debt due to J. & T. Green, who are citizens and residents of Mississippi, and its *situs* follows the domicil of the owner, and is consequently legally taxable in this state.

4. As no written notice of the assessment made by the

[1] Note.—The opinion of Chief Justice Peyton, was withdrawn by him when a reargument was applied for, and cannot be found.   The case is accordingly reported in its present form by the direction and approval of Chief Justice Simrall.

assessor was given to J. & T. Green, they are not concluded by the action of the board of supervisors in approving the assessment.

A reargument was granted, and restricted to the 4th proposition, viz., the power and jurisdiction of the board of supervisors in matters of assessments.

*W. L. Nugent*, for J. R. Horne:

The action of the board of supervisors is final and conclusive. Code, 1871, §§ 1684, 1685, 1682. The party assessed cannot review such action, except in the mode provided by law. 35 Miss., 385. The appearance cured the defective notice. 1 How., 523 ; 4 ib., 29 ; 5 ib., 525 ; 7 ib., 592. The judgment of the board, like that of all other courts, is conclusive until reversed. 3 S. & M., 529 ; ib., 695 ; 28 Miss., 38 ; 49 ib., 404 ; 35 ib., 385 ; 10 Penn. St., 225. The remedy was by *certiorari*. 3 S. & M., 529 ; Walker, 74 ; 35 Miss., 385 ; 8 Pick., 440 ; 8 Vt., 271 ; 2 Mass., 245 ; 1 Gill & J., 196.

*Frank Johnston*, for J. & T. Green:

1. The statute provides there shall be a written notice to the party to be affected by the action of the board, and their action without such notice is not conclusive, although the party be present before the board.

2. The board of supervisors has no authority to render a conclusive decision on the question of the taxability of the subject. It can only determine proper valuations and similar questions.

CHALMERS, J., delivered the opinion of the court on reargument.

This case is before us upon reargument on a single point only, viz. : Was the action of the board of supervisors upon the assessment presented by the tax assessor final and conclusive upon appellees, or may they attack the same, as attempted

in this proceeding, they having failed to appeal from said action of the board by *certiorari* or otherwise?

In the former opinion delivered herein it was said : " Under the statutes the assessor assessed to J. & T. Green the amount of $75,000 in cash, for the year 1872, and returned the assessment roll to the July term of the board of supervisors of that year, and at the ensuing August term the said board of supervisors received and confirmed said assessment; and this action of the board, it is insisted, was conclusive upon the said J. & T. Green. This we think would have been so had the statute been complied with by the assessors giving the requisite notice in writing to them of the assessment. There is no mention in the record of any notification in writing of such assessment having been made, before the final action of the board upon it, and for that reason we think the action of the board was not conclusive."

This is the language which is deemed erroneous, and which is made the basis of the application for reargument.

We are satisfied that the portion of the opinion above quoted proceeded from a failure properly to apprehend the whole record, and was therefore erroneous in the reasons given for the conclusion reached. While the record fails to show that any written notice of the assessment was given to the appellees, it shows that appellees had in some way actual notice of such assessment, and appeared before the board, by attorney, and contested the validity thereof. Having done so, they cannot allege a want of notice.

If there was in fact a failure to give notice, it was cured by their voluntary appearance.

We are of the opinion, however, that the conclusion reached on this point in the former opinion was correct, though upon erroneous reason.

The action of the board of supervisors in matters of assessment is only conclusive as to mere irregularities and matters of fact resting wholly *in pais;* such, for instance, as excessive

valuation, misdescriptions, listing of property to the wrong person, and the like.   It is not final as to claim of exemption under statutory or constitutional provisions.   It was not the intention of the legislature to submit such questions as these, without review, to the exclusive decision of a board of supervisors.

Whenever upon such a question injustice has been done the tax payer he may have recourse to a court of equity, provided the other necessary jurisdictional facts exist, and as to these no point is made in this case.

We treated this doctrine *sub silentio*, as being thus settled in the case of M. & O. R. R. *v.* Moseley, tax collector, quite recently decided, and are fully satisfied of its correctness.   Cooley on Tax., 528, *et seq.*

It appears by the agreement of counsel in this case that the money assessed against appellees consisted wholly of United States treasury notes and bonds and national bank notes, excepting that portion on deposit in New York, the character of which is not fixed.   These we have held to be exempt from taxation.   The action of the board of supervisors in holding otherwise was not conclusive upon appellees.

No change is necessary in the decree directed to be entered in the former opinion.