# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## APRIL TERM, 1888.

---

CITY OF MERIDIAN *v.* J. M. PHILLIPS.

TAX SALE. *Property of city exempt. Failure to urge objection to assessment and sale thereof.*

Property belonging to any incorporated city or town in this State is, by Section 468, Code of 1880, expressly exempted from taxation; and a sale of such property for taxes is void, without regard to any action of the board of supervisors, or other officers, as to the assessment and sale thereof, and notwithstanding the failure of the city authorities to make any objection to the assessment and sale of the same.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

In 1883 the city of Meridian purchased a tract of forty acres of land near its limits, and erected thereon a few small houses to be used as pest houses. This land was duly assessed to said city, the assessment was approved by the board of supervisors without objection, and in March, 1886, the land was sold to the State for the unpaid taxes of 1885. In 1887 it was purchased .from the State by J. M. Phillips, who brought this action of ejectment to recover possession thereof. The city defended on the ground that the land was not subject to taxation, and hence, the State acquired no title by the sale for taxes and could con-

362

vey none to the plaintiff.   There was a judgment in the court below in favor of the plaintiff, Phillips.   The defendant appealed.

*Woods & Williams*, for the appellant.

· There are two questions raised by the record in this case:

1st.  Whether or not the property sold for taxes was exempt from taxation.

2d.  Whether or not the assessment and sale of exempt-property for taxes passes any title to the purchaser at such a sale.

We say that the first question must be answered in the affirmative.   The language of Sec. 468, Code 1880, would seem to settle this question without argument.

If we are correct in our conclusion that the property was exempt, then the land was not liable to sale for taxes.

We ask the attention of the court to the following authorities :

Blackwell on Tax Titles, star page 406, we have the following:   "The fact that the land is subject to taxation is the basis of the power to sell it in case the owner proves delinquent.   If the sovereign power of taxation has never attached to the land, or having once legally attached, the land is exempted from the operation of the taxing power, then it cannot be sold.   A sale under such circumstances is void to all intents and purposes. The owner is not bound to enjoin the sale of his land under such circumstances, or resort to his remedy against the officers, but may contest the validity of the sale whenever the purchaser or his grantor attempts to recover the possession or establish his title to the land."

To the same point see Cooley on Taxation, page 469, where he says:  " If by law they were exempt from taxation, a sale will be void for a tax actually assessed."

To the same effect is  Sec. 116, Black. on Tax Titles; *Treat* v. *Lawrence*, 42 Wisconsin, 330; *Taylor* v. *Miles*, 7 Am. Rept., 558.   In the last case the court uses the following language:  "It is claimed by the plaintiff in error that the only defenses that the defendant can set up to this action are: That he paid the taxes, or redeemed his land from sale for taxes.  Now suppose this is all true, can a single cent of tax upon this land be pointed

.out that the defendant has not paid? And here we must say that we suppose that the word 'tax or taxes,' in the statute, cannot mean something that is beyond the power of the Legislature to impose, and something that this land could not possibly be liable for. The defendant may well plead that he has paid every tax that has ever been due upon his land; and as he has done so it would be grossly unjust that he should forfeit his land for a pretended tax that was never due upon the same."

We think the case of *Horne* v. *Greene*, 52 Miss., 456, decisive of this point in our favor.

*Whitaker, Dial & Witherspoon,* for the appellee.

1. The fact that the property was bought by the city, to be used by the city as a pest-house, does not exempt it as such. There must be an actual use of it for such purpose to render it exempt.

2. The remedy of the city, even if the property were exempt, was by objection before the board of supervisors or at the sale. Having failed to interpose objection there, the sale was valid and cannot now be set aside. The Code of 1880 has given jurisdiction to the board of supervisors to determine all questions as to the subjection of property to assessment and sale for taxes, and its decision is final, unless appealed from. *Redmond* v. *Banks*, 60 Miss., 297.

ARNOLD, J., delivered the opinion of the Court.

The judgment of the court below cannot be maintained. It is not disputed that the property in controversy belonged to appellant when it was attempted to be sold for taxes. Sec. 468 of the Code exempts from taxation, among other things, property belonging to the United States, or to the State, or to any county, or to any incorporated city or town in the State.

Liability of property to taxation is the basis of the power to sell it for taxes; and when property is exempt by law from taxation, it cannot be subjected thereto by any action of the board of supervisors or the officers charged with the assessment and collection of taxes, and a sale of it for taxes under such circumstances, is void. *Horne* v. *Green*, 52 Miss. 452; Cooley on Taxation, 2d. ed., 477, 478; Blackwell on Tax Titles, 4th ed., 453.

Boards of supervisors are charged with the examination, correction and approval of the assessment-rolls before they are delivered to the tax collectors; but their action in the matter is conclusive only as to mere irregularities and matters of fact, such as excessive valuation, misdescriptions, listing property to the wrong person and the like. *Horne* v *Green, supra.*

If, in discharging their functions, they should adjudge property to be taxable when it is in fact exempt by law, their judgment would not have the effect to repeal the law, or to bar or preclude the owner from asserting his title whenever he chooses to do so. The owner of property exempt by law from taxation may justly assume that it will not be assessed or sold for taxes; and it is not necessary for him to object to the action of the assessor, or of the board of supervisors, in placing it on the assessment-rolls as liable to taxation, or to the sale, in order to preserve his rights.

The judgment is reversed, and judgment here for appellant.