Rosenstock v. Board of Sup'rs of Washington County
ET AL.

[85 South. 91, In Banc. No. 21425.]

1. COUNTIES.  *Statute providing for bond issue held prospective in operation.*

    Chapter 207, Laws 1920, provides for the issuance of bonds for county purposes, and in section 3 provides that bonds authorized by a vote of the people may be issued either in whole or in part within one year after the election at which the bond issue was authorized. *Held,* that the statute would be construed so as to give it prospective operation, and that bonds authorized before its enactment may be issued within one year after the passage of the act.

2. COUNTIES.  *Statute providing for issuance of road bonds held modified by later act on same subject.*

    Laws 1914, chapter 176, provides a scheme for issuance of bonds for road purposes and for working roads, and under this act a bond issue was authorized, but bonds not actually issued when chapter 207, Laws 1920, was passed must be issued within one year from the passage of the act. The two acts are in conflict with respect to the method of ordering elections, and the latter prevails over the former as to method, but does not avoid an election under the former, but only limits the time to one year after the passage of the later act.

APPEAL from chancery court of Washington county.
Hon. *E. N.* Thomas, Chancellor.

Suit by Morris Rosenstock against the Board of Supervisors of Washington County and others to enjoin a bond issue. Judgment for defendants, and plaintiff appeals. Affirmed.

*Humphreys & Anderson,* for appellant.

The question presented for the adjudication of the court in this appeal is as to the application of Senate Bill 200, pp. 213-15, beinfi chapter 207 of the Acts of 1920.

Section 3 of said act provides that if a majority of the electors voting at the election provided for by section 2 vote in favor of the issuance of the bonds, then the board of supervisors may issue bonds either in whole or in part within one year after the date of the election, The election authorizing the present issue of road bonds was held on April 3, 1919. Chapter 207, was approved by the Governor on April 3, 1920. The simple question presented is whether the one year limitation applies to the bonds authorized at an election held prior to the passage of the act, the bonds not having been sold within the year provided by chapter 207.

In the *Board of Highway Commission* v. *Warren,* 85 So. 470, our court held that bonds are not issued until actually sold and delivered, and further held that the Act of 1918 applied to bonds authorized but not delivered prior to the passage of the act. It is true that in that case there was no election authorizing the issuance of the bonds. If such an election had been held, the bond issue would have been valid. *Robertson* v. *Board of Supervisors,* 119 Miss. 621. It is true that unless plainly expressed, a law will not be given a retroactive effect and it is possible that in the instant case of the one-year provision will apply to bonds issued under an election held prior to the passage of the act, the one-year limitation will begin to run from the date of the passage of the act and not revert back to the date of the election. This is a common sense construction of the law. We raise this question and attack the validity of the issue in order to have the court pass upon the matter.

This appellant is much opposed to having an issue of bonds of doubtful valadity made by Washington county. It is much better that the question of the valadity of the bonds be made at the threshold instead of being raised after the said bonds have passed into the hands of innocent purchasers.

We hold that the said act applies to all bond issues whether the same are issued under the authority of said act or under the authority of any other act, and the bonds must be sold and delivered within one year after the date of the election authorizing the issuance of said bonds, whether said election is held under the provisions of said act or under any other act.

It is certain that investors will be "leery" of investing in road bonds issued under the various acts of the Mississippi legislature since this last act, without having the validity of such bonds, passed upon by this court. We believe that there is sufficient merit in the objection made to this bond issue to at least constitute a serious obstacle in selling the bonds, unless this court shall affirm their validity.

We submit the questions raised for the consideration of the court.

*Percy & Percy* and *Wm. Ray Toombs,* for appellees.

There is only one question involved in this litigation and that is as to whether the limitation of one year provided in chapter 207 of the Laws of 1920, applies to the bond issue in controversy. In obedience to the mandate "let the people vote and give them a chance to express their sentiment at the ballot box" (*Madison County* v. *Howard,* 119 Miss. 133), an election was called when five thousand eight hundred and fifty-eight of the electors voted in favor of the bond issue and only forty-five voted against the bond issue. Prior to the sale of the bonds, but subsequent to the county entering into contracts, obligating itself to pay three hundred thousand dollars more than the amount realized from the first bond issue, the legislature enacted chapter 207. The purpose and intent of the legislature, as set forth in chapter 207, is to let the people express their consent at an election held for the purpose. The wisdom of the

law seems to be based upon the theory that these bur-
dens should be imposed only by expressed consent of
those to be burdened, *Hidleberg* v. *Batson*, 119 Miss. 510.
Our contention is that when the bonds are authorized
under a law providing for an expression from the people
of the district to be taxed, the chapter 207 does not ap-
ply, only acts in conflict with said act being repealed by
it, and where there is no conflict in the mode of authority
conferred by the two acts, that then the bonds can be is-
sued under the other act and that the limitation of one
year expressed in section 3 of chapter 207, applies only .
to bonds issued under the authority of chapter 207 and
does not apply to bonds issued under the other act (in
this case chapter 176 of the Laws of 1914), where the
authority is conferred at an election held in a manner
not repugnant to the provisions of chapter 207. Of course
where no election is provided by the other act, chapter
207 prevails. *Board of Highway Commission* v. *Warren*,
83 So. 470. But, as stated in the Warren case, no bonds
can be issued unless authorized by a majority of the
electors voting in an election called for the purpose but
not necessarily under an election held under the provi-
sion of chapter 207. Chapter 207 of the Laws of 1920,
did not repeal chapter 176 of the Laws of 1914, there
being no conflict between them. *Robertson* v. *Board of
Supervisors*, 119 Miss. 621. Chapter 176 of the Laws of
1914, was readopted by the legislature of 1920 by Senate
Bill 146. The sole important change in the provision
of chapter 176, which was made by the legislature, was
in the nature of the authority conferred upon the board
of supervisors. Under chapter 176 of the Laws of 1914,
upon the presentation of a petition to the board of sup-
ervisors, the board gave notice of its intention to issue
bonds, and if it at the next regular meeting of the board,
a petition protesting against the issuance of the bonds
and signed by twenty per cent or more of the electors,
was not filed, then the board had authority to issue the

bonds. If such a petition of protest was filed, then an election was ordered to determine the will of the people. Under the provisions of Senate Bill 146, upon the presentation of a petition for the organization of a district, the board immediately gives notice of its intention to organize a district and orders an election to be held. In this act the legislature was following out its purpose as set forth in chapter 207; that is, to permit the people to determine whether they desire to have a bond issue placed upon their taxing district. Chapter 207 is a general act dealing with a number of districts and organizations authorized to issue bonds, including counties. Senate Bill, 146, deals with road districts organized under its provisions. The general terms of chapter 207 will be restricted where, by a prior law, subjects naturally falling within such general terms have been classified, and made subject to distinct and dissimilar regulations, Lewis Sutherland Stat. Const., section 444. The two acts having been passed at the same session of the legislature will be construed *in pari materia* and both given affect, Senate Bill 146 applying exclusively to road districts organized under its provisions (being the same as chapter 176 of the Laws of 1914), and chapter 207 applying in every other case.

If the court should hold that we are in error as to the limitation of one year applying to bonds issued under an election held under Senate Bill 146, and not alone to an election held under the provisions of chapter 207, then if the two cannot be read together and harmonized to the extent of any necessary repugnance between them, Senate Bill 146 prevails in the instant case over the provisions of chapter 207. 36 Cy c., 1151. It is a well-known principle of law that statutes will not be construed to have a retroactive affect unless such is a plain mandate of the legislature and to construe the limitation of one year as applying to bonds authorized to be issued under an election consistent with the provisions of chap-

ter 207, would work hardship, in the instant case peculiarly harsh and unjust. True the board of supervisors could go before the people and ask for authority at another election, but there must of necessity be a delay and in the meanwhile there is an obligation of three hundred thousand dollars pending and which must be paid and can only be paid out of the proceeds of the bond issue of one million two hundred and fifty thousand dollars. Under the provisions of chapter 176 of the Laws of 1914, the board of supervisors were authorized, without awaiting the issurance and sale of the bonds, to enter into contracts for the construction of a road system determined upon thereafter issuing and selling the bonds to defray the cost of construction. In the instant case the board adopted a conservative policy and had the authority to issue the bonds conferred upon them at an election, thereafter entering into the contracts, but making no sale at that time as money was not needed and would not be needed until the tail end of the contracts which was likely to and did occur a year after the obligation was assumed.

We submit therefore (1) that the provisions of chapter 207 do not apply to road districts created under chapter 176 of the Laws of 1914, which was reenacted by the legislature of 1920, being Senate Bill 146; (2) that chapter 207 of the Laws of 1920, does not apply to any case where the bonds are issued under the authority of an election provided for by the act under which the county or taxing district is proceeding, such bonds being issued in serial installments to conform with the provisions of chapter 207; (3) that the limitation of one year expressed in section 3 of chapter 207, applies only in cases where the bonds are authorized to be and are issued under the provisions of that chapter and does not apply where the bonds are issued under the provisions of some other act.

Chapter 207 did not repeal all bond issuing acts, but only those in conflict therewith. The provisions of chap-

ter 207 vary the procedure for the issuance of bonds in a twofold manner; first, necessity for authority from the people at an election; and second, that such bonds should be issued in serial form as prescribed in said chapter. If any act contains a provision for an election and an election is held, and provides for the payment of bonds on the installment plan and such bonds are authorized to conform with the provisions of chapter 207, then there is no conflct and such act is not repealed by chapter 207 and such bonds are not issued under the election prescribed by section 2 of chapter 207, when the one-year limitation only applies, but are issued under the authority of the election prescribed by the other act.

We submit that the decree of the chancellor sustaining the demurrer filed to the bill of complaint should be affirmed and the board of supervisors be authorized to sell the bonds in controversy.

Etheridge, J., delivered the opinion of the court.

The board of supervisors of Washington county in the year 1919 was presented with a petition on March 3d for the issuance of one million two-hundred and fifty thousand dollars of road bonds of the county under the provisions of chapter 174, Laws of 1906. At that time there had already been issued a bond of nine hundred and fifty thousand dollars for road purposes, which had not been fully expended. The proposed issue of one million two-hundred and fifty thousand dollars plus the nine hundred and fifty thousand dollars was somewhat less than ten per cent. of the assessed valuation of the county. The board ordered an election upon the question of issuing the one million two-hundred and fifty thousand dollars of bonds, and the result of the election was in favor of the issuance of the bonds; there being five hundred eighty-five votes cast for the bond issue and forty-five votes

against it. On April 3, 1919, the election above mentioned was held, and on April 7th thereafter the board ordered the issuance of the bonds of Washington county in said amount; but, not being in immediate need of the money to be derived from the sale thereof, the bonds had not actually been issued when the legislature, on April 2, 1920, passed chapter 207 (Senate Bill 200), Laws of 1920. Section 3 of this act reads as follows:

"Sec. 3.   Should the election provided for by section 2 of this act result in favor of the proposed bond issue, by a majority of those voting in said election voting in favor of the issuance of said bonds, the board of supervisors may issue said bonds either in whole or in part at such time within one year after the date of such election as they may deem best.

"All bonds issued under the authoity of this act shall be serial bonds maturing annually with all maturities not longer than twenty-five years with not less than one-fiftieth of the total issue to mature each year during the first five years of the life of said bonds, and not less than one twenty-fifth of the said total issue to mature anually during the succeeding ten year period of the life of said bonds and the remainder to be diveded into approximately equal   payments, one payment to mature during each year of the remaining life of the bonds.

"The said bonds shall not bear a greater rate of inrerest than six per cent. per annum, payable semiannually, the denominations, form and place of payment to be fixed in the resolution of the board of supervtsors issuing said bonds and shall be prepared and signed by the president and clerk of the board of supervisors, with the seal of the county affixed thereto, but the coupons may only bear a fascimile of the signature of the president of the board of supervisors, and the clerk thereof.

"Such bonds when issued shall constitute a lien on all the taxable property in such county or consolidated or

rural separate school district or separate road district, as the case may be, and the board of supervisors shall annually levy a special tax on all such property sufficient to pay the principal and interest on such bonds as the same falls due.''

Chapter 207, Laws of 1920, is not on its face an amendment of any particular act, but is a general law providing for the issuance of bonds for the purposes now provided in the Code of 1906 and subsequent acts of the legislature of the state, including road bonds, separate and consolidated school district bonds, and practically all bonds. Section 2 of this act provides that when the board of supervisors shall declare its intention to issue bonds for any of said purposes and fixes the date upon which an election shall be held, the election commissioners shall give not less than three weeks' notice of such election by publication of a notice thereof in a newspaper published in the county once a week for three weeks preceding the same, etc. It is provided that where notice of the election is given that it shall not be necessary to publish or post any notice of intention to issue said bonds. Section 6 of this act provides that ''all acts and parts of acts in conflict with this act be and the same are hereby repealed.''

Chapter 176, Laws of 1914, which act was amended by chapter 174, Laws of 1916, is amended and brought forward in Senate Bill 146, Laws of 1920, chapter 277, which was approved March 26, 1920, and among other things, in section 2 brings forward a provision for issuing bonds and giving notice and holdng an election thereon, and outlines a general scheme of road working.

The board of supervisors were preparing to issue one million two hundred and fifty thousand dollars of bonds authorized by the election of April 3, 1919, when this suit was instituted to enjoin them from so doing on the theory that more than one year had expired from the date of the election at which such bonds were authorized

and without a new election and that this could not be done upon the theory that section 3 of chapter 207, Laws of 1920, above quoted, made it mandatory to have an. election before the issuance of such bonds. The question presented for consideration is: Does section 3 providing the bonds to be issued within one year from the date of the election apply to bond issues already authorized by an election, but more than one year having. intervened between the election ordering the issuance of the bonds and the date of actual issuance?

It was held in *Board of Highway Commissioners* v. *Warren,* 83 So. 470, that bonds not actually issued did not constitute an outstanding obligation such as would authorize the board to issue them without an election under chapter 209, Laws of 1918. We think the purpose of both chapter 209, Laws of 1918, and chapter 207, Laws of 1920, is to prevent the issuance of bonds which have not been authorized by a vote of the people. Prior to the approval of chapter 207, Laws of 1920, no time limit was fixed upon the board in which to issue bonds which had been authorized by an election; but they might issue such bonds as were needed, and at such times as they were needed, for the purpose of their issuance. Under chapter 207, Laws of 1920, as above shown, it is provided that they must henceforth be issued within one year from the date of the election or else a new election must take place.

The question arises: Does the act relate back and apply to elections taking place before its passage, or must the act be given a prospective operation? The general rule is that an act of the legislature operates prospectively and not retrospectively, and it will not be construed, so as to give a retro active effect unless the language of the act makes that construction necessary or apparent. We therefore reach the conclusion that the act is not intended by the legislature, in this respect, to relate back to past elections; but such bonds, whether

authorized before or subsequent to the passage of the act, must be issued within one year from the date of an election authorizing them, if authorized since the passage of the act, and within one year from the passage of the act if the election authorizing the issuance was held prior to the passage of the act.

We think chapter 207, Laws of 1920, being the latest expression of the legislature, prevails over the provisions of Senate Bill 146, Laws of 1920, amending chapter 176, Laws of 1914, as amended by chapter 174, Laws of 1916, so far as the provisions for the elections are concerned, but it does not repeal that law any further than the provisions conflict with each other.

The learned court below having reached the same conclusion, the judgment is affirmed.

*Affirmed.*