HENRY H. DEBERRY v. THE PRESIDENT AND SELECTMEN OF THE
TOWN OF HOLLY SPRINGS.

1. BOARD OF POLICE: APPEALS FROM: WHO MAY APPEAL.—Under the Statute (Hutch. Dig. 712, ½ 45, re-enacted in Rev. Code, 419, Art. 33), any person, whether a party to the record or not, who is aggrieved by a judgment of the Board of Police, may appeal, by *certiorari*, therefrom, and show by evidence apart from the proceedings in the Police Court, that his right has been injured by such judgment.

2. SAME: ORDER GRANTING LICENSE TO RETAIL, MAY BE APPEALED FROM BY CORPORATE AUTHORITIES CLAIMING THAT RIGHT.—The corporate authorities of an incorporated town, containing two thousand inhabitants and upwards, have the exclusive right to grant licenses for retailing therein; and may, therefore, appeal, by *certiorari*, from an order of the Board of Police, granting a license to retail within the limits of the corporation.

3. CORPORATION: CONTRACTS WITHOUT SEAL, WHEN THERE IS NO COMMON SEAL.— When the charter of a municipal corporation, authorizes it " to have a common seal, and to contract under the same, or without it," an appeal bond of the corporation is sufficiently sealed, with the private seal of the President of the Board of Selectmen, if there be no common seal.

4. BOARD OF POLICE: APPEALS FROM: JUDGMENT ON APPEAL NOT DISTURBED FOR INSUFFICIENT SUPERSEDEAS BOND.—A verdict and judgment, rendered in favor of the appellant in the Circuit Court, upon an appeal from a judgment of the Board of Police, will not be disturbed, if otherwise correct, on account of a defect in the bond, executed to procure a *supersedeas* of the judgment appealed from.

ERROR to the Circuit Court of Marshall county. Hon. P. T. Scruggs, judge.

The President and Board of Selectmen, of the town of Holly Springs, presented their petition to the Hon. P. T. Scruggs, judge of the first judicial district, praying for a *certiorari*, returnable to the court below, to review the proceedings and judgment of the Board of Police of Marshall county, in granting H. H. Deberry a license to retail in the corporate limits of said town, and to annul

the same. The ground upon which the petition is based, is, that there were more than two thousand inhabitants in Holly Springs, at and before the granting of said license. The fiat of the judge directed the issuance of a *certiorari* and *supersedeas*, upon petitioners giving bond and security according to law. The record of the Board of Police, returned in obedience to the writ, showed that a license had been regularly granted, in pursuance of the law authorizing the Boards of Police to grant licenses for retailing, in their respective counties. It did not appear, from said record, that any objection was made to the grant in the Board of Police. At the return term of the *certiorari*, Deberry moved the court to quash the *certiorari;* because—

1. The petitioners were not parties to the record in the Police Court, and had no interest in the same.

2. The order of the Board of Police, granting the license, is not such a judgment as can be appealed from.

3. The facts stated in the petition are not sufficient to entitle the petitioners to the relief sought.

4. The *certiorari* and *supersedeas* were issued without any bond having been given.

5. The petitioners have given no bond conditional, according to law.

The bond given by the petitioners was signed and sealed thus: " The President and Selectmen of Holly Springs, by their President, A. W. Goodrich [L. s.] ;" and was conditioned, " that the said President and Selectmen, shall well and truly pay and satisfy the judgment of said Circuit Court (of Marshall county), and all costs accruing, in case they fail to prosecute said writs of *certiorari* and *supersedeas* with effect, and otherwise abide by, and perform, the decision and judgment of said court."

Upon the trial of this motion, it was proven that the corporation of Holly Springs, had no corporate seal; and the third section of their charter was read, which authorized them " to have a common seal, and contract under the same, or without it."

The motion to quash was overruled, and Deberry excepted. The cause was then submitted to a jury, who found and returned the following verdict: " That the town of Holly Springs did, on the 16th day of April, A.D. 1857 (the date of the license to Deberry), contain a population of two thousand or upwards."

Thereupon, the court adjudged and ordered, that the said license granted to said Deberry, be vacated and annulled, and for nought held, and that the injunction and *supersedeas*, restraining Deberry from exercising any right under the same, be made perpetual.

From this decree Deberry sued out this writ of error.

*Watson* and *Craft*, for plaintiff in error.

*Featherston* and *Harris*, contra.

HANDY, J., delivered the opinion of the court.

This was an appeal, by *certiorari*, to the Circuit Court, from an order of the Board of Police of Marshall county, granting license to the appellant to sell spirituous liquors, in small quantities, in the town of Holly Springs. The President and Board of Selectmen filed their petition, stating that the town of Holly Springs contained a population of more than two thousand persons, at the time of granting the license, and that the right to grant the license belonged exclusively to the corporation, and praying that the proceedings of the Board of Police, in granting the license, should be brought up by *certiorari*, and that the order granting the license should be set aside, and reversed. The writ was awarded and issued, and at the return term the appellee, now the appellant here, moved the court to quash the writ, upon sundry grounds. This motion was overruled, and subsequently, upon the trial, the order of the Board of Police was reversed, and judgment rendered for the President and Selectmen.

The grounds of error relied upon, are those upon which the motion to quash was founded.

1st. It is objected, that the President and Board of Selectmen could not prosecute the writ of *certiorari*, because they were not a party to the proceeding by which the license was granted by the Board of Police; and that none but a party to the record, or judgment, can maintain the writ of *certiorari*, or an appeal. This is the rule at common law. But the remedy of *certiorari*, or appeal, in such cases, is much enlarged by our statute, Hutch. Code, 712, § 45, which provides, that "it shall and may be lawful for all persons who feel themselves aggrieved by the judgment of the Board

of Police of any county, to appeal, by bills of exceptions, or *certiorari*, to the Circuit Court of his county." This cannot be confined to persons who are mere technical parties to a proceeding in that tribunal; for there are no parties there, who are strictly so by process, appearance, pleading, &c. Unless the words, therefore, have an enlarged extent, adapted to the nature of the proceedings in that tribunal, the great majority of the cases in which that tribunal may pass upon the rights of persons, would not come within the statute. It therefore appears, from the comprehensive language used, that the legislature intended to give the remedy of appeal by *certiorari*, to any person aggrieved by the judgment of such a board, and who might show, by evidence apart from the proceedings there, that his right was injured.

2d. The order of the board, awarding the license to the plaintiff in error, is clearly such a judgment as the statute contemplates as the subject-matter of appeal. It is a decision of the question submitted to it, whether he was entitled to license from the board, and that decision in his favor, was against the right of the town corporation to grant the license, and to receive the money to be paid for it. It was an adjudication of a question of right by a proper tribunal.

3d. The objection taken to the signature of the bond, that it is sealed with the private seal of the president of the corporation, and not with the seal of the corporation, is avoided by the fact appearing in the record, that the corporation has no common seal, and the charter authorizes it to contract without common seal. Sec. 3.

4th. The objection to the bond, that its condition is to perform the judgment and decree of the court, and not to pay such damages as should be sustained in consequence of the *certiorari* and *supersedeas*, would probably be well taken, if the case depended upon the sufficiency of the bond. But that question becomes immaterial in the present attitude of the case. After the overruling of the motion to quash, the case progressed to trial upon its merits, and a judgment was rendered in favor of the president and selectmen. That judgment being correct, no damage was sustained by the adverse party, by reason of the inadequacy of the bond, and that

would be no ground for reversing the judgment, upon the merits of the case.

Judgment affirmed.