BOARD OF SUP'RS OF PRENTISS COUNTY FOR BOONEVILLE AND BURTON GOOD ROADS DIST. *v.* HOLLEY *et al.**

[106 So. 644. No. 25426.]

(Division B. Jan. 11, 1926.)

1. HIGHWAYS. *No inquiry, in proceeding to validate bonds, into reasonableness of leaving land out of district.*

Reasonableness of action of board of supervisors in leaving out a section of land in organizing road district cannot be inquired into in proceeding under Laws 1917, chapter 28 (Hemingway's Code Supp. 1921, sections 3812a-3812e), to validate bonds of district, under the provision that at the hearing of objections addi-

tional evidence touching the validity of the bonds may be admitted.

2. HIGHWAYS. *Majority of electors not shown to have voted against bond issue.*

Bonds of road district are not shown invalid on theory of not being voted by majority of qualified electors, though board of supervisors' order for election recited there were one hundred and eighty qualified electors, while return of election commission showed one hundred and forty-nine votes for and one hundred and twelve votes against issue; the finding of one hundred and eighty qualified electors being an adjudication, for purpose alone of determining whether enough had signed petition for issuance of bonds, and election being some time later.

3. HIGHWAYS. *Later statute governs denomination of bonds.*

Laws 1920, chapter 277, section 4 (Hemingway's Code Supp. 1921, section 7161), fixing denomination of bonds of a road district, is controlled by chapter 207, section 3 (section 6662h), a later act enacted at the same session, giving the issuing board power to fix their denominations.

*Corpus Juris-Cyc. References; Highways, 29 C. J., p. 566, n. 48, 59; p. 567, n. 67.

APPEAL from chancery court of Prentiss county.

HON. ALLEN COX, Chancellor.

Proceeding by the board of supervisors of Prentiss county for Booneville and Burton Good Roads District to validate bonds of the district, opposed by Emmet Holley and others. From an adverse decree, the board appeals. Reversed and decree rendered.

*C. R. Lacy* and *Cunningham & Berry,* for appellants.

The chancellor found that none of the objections offered were valid except one, and that had reference to the leaving out of section 32, township 5, range 9, which was bounded on three sides by the territory embraced in this separate road district. The chancellor's finding was based, as he said, *solely on public policy.* He specifically held that there was no fraud, no oppression and that there was no damage to the people inside section 32 on

account of its omission, and none to the people inside
of the district and outside of section 32. The chancellor
based his opinion purely on an erroneous idea of the
meaning of the common term *gerrymandering,* and he had
altogether an erroneous view of what he was holding.
The term *gerrymandering* carries with it the unsavory
slime of trickery, oppression and fraud. But the judge
has exculpated the appellant thoroughly from any of the
elements going to make up an instance of *gerrymand-
ing.*

The proof shows that there are not any natural bar-
riers, such as mountains or watercourses, between sec-
tion 32 and the other portion of this separate road dis-
trict, and, in fact it was left out accidentally in prepar-
ing the petition. But when it came up before the board of
supervisors, they considered it. They are made the
judges, by statute, of the propriety of the organizing of
such a civil district, and their judgment was favorable
to the district, as presented in the petition, and it was
so adjudicated by their findings. The mere shape of the
district could not be jurisdictional; and, hence, could
not be attacked collaterally. No appeal was taken from
the order of the board of supervisors creating the dis-
trict. Hence, the chancellor erred in overruling it on
collateral attack, or at all. This is clearly held in the
case of *Liddell* v. *Noxupater,* 92 So. 631, and cases cited.

The board of supervisors in forming this district with
section 32 left out, considered it proper and so formed it.
The people voting upon the bonds in this district saw
proper to vote for it, and voted the indebtedness on the
district with section 32 left out. This record is silent
as to what the wants and conveniences of the people of
section 32 are and, for all the chancellor could know from
this record, the board of supervisors in forming the dis-
trict and the people in voting the bonds wisely exercised
their discretion. In fact, his findings upheld this idea.

*It is simply beyond our power to grasp a legal or equit-
able foundation for the findings of the chancellor.* It is
true he plants his decision on the doctrine announced in

*State* v. *Whitford,* 11 N. W. 424, but he overlooks that the courts only step in when there has been unsavory maneuvering in the creation of a civil district that results in unbearable fraud, oppression, injustice or inconvenience. *All of this is affirmatively removed from this record by the very findings of the court.*

This section can join this road district if it choosed to do so under section 8, chapter 277, Acts of 1920, in so far as the territory itself is concerned, and the board of supervisors has passed judgment in favor of the practicability of the district and the people have expressed themselves at the polls as being in favor of the same.

*W. C. Sweat,* for appellees.

The chancellor in his opinion held that the leaving out of section 32 was sufficient, under the circumstances, to invalidate the bonds. On this ground, he entered his decree, and in this holding he was eminently correct; but there are other grounds of objections which the chancellor held were not, in his opinion, well taken, which were equally fatal to the bond issue. One of these was that the board of supervisors, by its order entered on the petition, found as a fact after examining the registration books containing the names of the qualified electors, that there were one hundred and eighty qualified electors residing in the road district and the report of the election commissioners shows that one hundred and twelve persons voted against the bond issue, considerably more than one-half the number which the board had judicially determined were qualified.

Another objection which was fatal to the bond issue was that twenty-five thousand dollars of this twenty-six thousand dollars in bonds was issued in denominations of one thousand dollars, when chapter 277 Acts of 1920, the statute governing this bond issue, said that the bonds shall be issued in sums of one hundred dollars to five hundred dollars each.

An inspection of the map of the road district, which appears in the record shows, as above stated that section 32, township 5, range 9, is entirely left out of the proposed road district, that it is surrounded on three sides by this proposed road district, and on the other side by a different road district. It is also shown by this map that the present road leading from Booneville to Burton runs within less than a mile of this section and that any road that might be laid out through this district from Booneville to Burton would come near this section. Therefore, it is seen that there is no reason in the world why this section should not be incorporated in the road district. It is further shown that the draftsman intended to include it, but inadvertently left it out. This is an admission, as we take it, on the part of those interested in forming the road district that it should have been incorporated in the district. It will be seen, therefore, that there is one square mile, or six hundred and forty acres of land, with all of the people and personal property located thereon, that should have been in this district and subjected to the road tax, but which will escape if these bonds are validated and will receive all of the benefits of the road and bear none of the burden of its upkeep.

It is said, however, by counsel for appellant that this section can yet petition in under the provisions of section 8 chapter 277, but that is now even a remote possibility. They are getting all of the benefits of the road without even paying the tax. No additional benefits would, in any conceivable manner, flow to them by petitioning in and assuming this additional burden of taxation; and, of course, they are not going to assume this additional burden. This case is almost identical with that of *Borroum* v. *Purdy Road District*, 131 Miss. 778, 95 So. 677.

It is contended by the appellant that in this case the bonds should be validated because there was no appeal from the order of the board of supervisors issuing the bonds, citing *Liddell* v. *Noxapater School District*. The

Liddell case, and authorities there cited, simply holds that when the jurisdictional facts appear in the judg- ment of the inferior tribunal and no appeal or *certiorari* is taken therefrom, judgment is conclusive and cannot be attacked collaterally.   That does not apply here for the reason that the record shows that section 32 was left out and no reason whatever given therefor. *Borroum* v. *Purdy Road Dist., supra.*  The proceeding in this case is anal- ogus to *Gore* v. *Doolittle,* 77 Miss. 620, 27 So. 997, and *Garner* v. *Webster Co.,* 79 Miss. 565, 31 So. 210, which this court condemned.

It is said by counsel for appellants that no damage was done to the other parts of the district; that there was no damage done to the other part of the district by the par- ties who lived in section 32; and that the chancellor so found.   It is true he stated in substance that this was his opinion, but it is very apparent that he is mistaken in so far as the other part of the district is concerned, be- cause the other part of the district will have to pay all of this twenty-six thousand dollars, with interest, without any help whatever by taxation from the people residing in section 32; and the burden which should be carried by section 32 will be distributed to the other parts of the district.   Of course, there is no damage to section 32. It has all the benefits of the road without paying any- thing whatever.

Furthermore, our contention is that because all but one thousand dollars of this twenty-six thousand dollar bond issue was issued in denominations of one thousand dollars, the bond issue became illegal and void.   It is elementary law that the statute authorizing the issuance of bonds must be strictly complied with if the bond issue is to be valid.   19 R. C. L., page 994, par. 290.   This court has held that chapter 207, Laws of 1920, being the latest expression of the legislature, prevails over the provisions of chapter 277, Acts of 1920, so far as their provisions are in conflict; but it does not repeal that law further than the provisions which conflict with each other. *Rosenstock* v. *Board of Supervisors,* 123 Miss. 175, 85 So.

91; *Bacot* v. *Board of Supervisors,* 124 Miss. 231, 86 So. 765; *Jones. A. H. S.* v. *Board of Supervisors,* 85 So. 198.

*C. R. Lacy* and *Cunningham and Berry,* in reply, for appellants.

Counsel for appellees insist that there is no good reason for leaving section 32 out of this district. *They fail to be reminded by the record that there is no reason at all, as shown by the record, why it should be incorporated in the district.* There is not a thing in this record to show that the citizens living in that section have any traffic or travel of importance other than through the south boundary line of said district. People are presumed to know what they want in organizing a civil district for the issuance and sale of bonds to build good roads. The Borroum case cited by counsel for appellants is mere *obiter dictum.* In that case the hedged-in territory had its only other outlet blocked by the boundary line of the state of Tennessee. There is nothing of that character in this case.

*There is no error in election revealed by record.* The mere statement in the board's order, quoted by appellees, to the effect that there were one hundred and eighty qualified electors residing in the road district is not at all an adjudication *which forever binds that district neither to expand nor contract in its electorate.* The board had under consideration the sole question of whether or not the petition contained twenty per cent of the qualified electors, when, in fact, the petition contained about fifty per cent. Regardless of which number be correct, the required twenty per cent was on the petition. Neither does this record show how many registrations of qualified electors matured between the filing of this petition and the holding of the election nearly a month later. The holdings of the board of supervisors being regular are conclusive and are not inconsistent in any way. There is nothing in this contention.

*Objection to denominations not well taken.* This record shows the absolute compliance with the law by the board of supervisors in the issuance of these bonds. The road district proceeded under chapter 277, Acts of 1920, which has been modified by chapter 207, Acts of 1920, and is in conflict with chapter 207 in certain particulars. Chapter 207 was passed by the legislature subsequent to chapter 277 and is in conflict with chapter 277 on the point raised here. It, therefore, necessarily repeals the former chapter by implication wherever conflict occurs. *Bacot* v. *Board of Supervisors of Hinds County,* 86 So. 765. The latter chapter is a general law and does not of itself present any statutory scheme for issuing a certain class of bonds; hence, the electors are not required to have notice to this effect. *Rosenstock* v. *Washington County,* 72 So. 876.

ANDERSON, J., delivered the opinion of the court.

Appellant, board of supervisors of Prentiss county, instituted this proceeding in the chancery court of that county under the bond validation statute, chapter 28, Laws 1917 (Hemingway's Code Supp. Ann. Code, sections 3812a-3812c, inclusive), for the purpose of validating the bonds of a road district of said county organized under chapter 277 of the Laws of 1920 (Hemingway's Code Supp. sections 7158 to 7178c, inclusive). Appellees, taxpayers of the road district, filed objections to the validation of the bonds. The trial court rendered a decree holding that the bonds were invalid. From that decree appellant prosecutes this appeal.

The following is deemed a sufficient statement of the case to present the questions involved: The road bonds were sought to be issued under chapter 277 of the Laws of 1920 (Hemingway's Code Supp. sections 7158 to 7178c, inclusive). Appellant entered an order directing an election in the territory forming the district for the purpose of determining whether the bonds should be issued. In

that order it was recited that there were one hundred
eighty qualified electors residing in the district. The
election was held resulting in a vote of one hundred
forty-nine for the bond issue and one hundred twelve
against it. Thereupon appellant entered an order pro-
viding for the issuance of the bonds.

The grounds urged by appellees why the bonds in
question are invalid are as follows: That section 32,
township 5, range 9, was left out of the road district,
notwithstanding said section was bounded on three sides
by parts of said road district, and on the other side by
another road district, there being no natural boundaries
separating said section of land from the balance of the
district. That the record shows that the election held
did not carry in favor of the issuance of the bonds for
the reason that in its order directing the election ap-
pellant found there were only one hundred eighty quali-
fied electors residing in the district, while the return of
the election commissioners showed a vote of one hun-
dred forty-nine for the issuance of the bonds and one
hundred twelve against their issuance, making a total
of two hundred sixty-one. That appellant by resolu-
tion provided that the bonds be in denominations of
one thousand dollars, which was unauthorized by law.

We will consider the questions in the order above stat-
ed.

The chancellor based his decree upon appellant's ac-
tion in excluding from the road district section 32, town-
ship 5, range 9. In an opinion in the record by the chan-
cellor upon which the decree of the court was based, it
is stated that the exclusion of this territory under the
circumstances and surroundings was unreasonable and
unjust. The cause was tried on appellee's objections
and the record of the proceedings before the board of
supervisors organizing the road district and providing
for the issuance of bonds, and agreed facts in writing
by the parties. In the latter it was stipulated by the
parties, among other things, that—"There was no nat-

ural obstable, barrier or other topographical condition which cut section 32, township 5, range 9, off from sections 21-23 in the same township and range, or other parts of the road district, and that the south line of section 32 is the northern boundary of another road district being the fourth good roads district of Prentiss county.''

And, further, that in the leaving out of the district section 32, no wrong was sought to be done by appellant, but, on the contrary, it was left out by oversight of the draftsmen of the proceedings before appellant board.

Can this question be inquired into a proceeding under the validation statute, chapter 28, Laws of 1917 (Hemingway's Code Supp. sections 3812a-3812c, inclusive)? We are of the opinion that it cannot. That statute was enacted for the purpose of authorizing the chancery courts to review the validity of bond issues by counties, municipalities, school districts, road districts, drainage districts, sea wall districts, or any other political subdivision of the state authorized to issue bonds, for the purpose of determining whether under the proceedings had the bonds are valid. It is true the statute provides that at the hearing of the objections of taxpayers the chancery court may admit additional evidence touching the validity of the bonds proposed to be issued. In other words, that the court is not confined in its inquiry alone to the record proceedings theretofore had providing for the issuance of the bonds, but may hear other evidence touching the validity of the bonds. The statute does not mean, however, that the chancery court is authorized to review in all respects the discretion and judgment of the municipal body issuing the bonds. It is only those orders and judgments which affect the validity of the bonds. As to all others the action of the issuing board or authority is final and conclusive. The question always under the statute is whether or not the proposed bonds are legal or illegal, as appears from the face of the proceedings and any additional testimony

admitted by the court. The district for which the bonds are being issued may be unwisely and unjustly organized. The authority issuing the bonds may make errors and mistakes of judgment, and still the bonds may be valid. It is only such judgments, orders, and resolutions of the issuing authority which render the bonds invalid that the chancery court has the authority to overturn and set aside. For all other errors of judgment, aggrieved taxpayers have the right of appeal to the circuit court.

It is argued that the bonds are illegal because they were not voted by a majority of the qualified electors of the road district. This objection is based on the fact that appellant recited in its order for the election that there were only one hundred eighty qualified electors in the road district, while the return of the election commissioners showed a vote of one hundred forty-nine for the bond issue and one hundred twelve against it. Appellee's position is that the recital in the order providing for the election that there were only one hundred eighty qualified electors in the district was an adjudication of that question and was final and conclusive, and that there being one hundred twelve votes against the bond issue (which was more than half of one hundred eighty), therefore a majority of the votes were against the issuance of the bonds. In other words, appellees contend that the proceedings before appellant board leading up to the bond issue show on their face that the bonds were not voted by a majority of the qualified electors of the district and that the bonds are therefore void. Some time intervened between appellant's order providing for the election and the election itself. During that space of time the registration of a considerable number of voters may have matured. The order reciting that there were only one hundred eighty qualified electors in the district was for the purpose of ascertaining whether the initial petition for the issuance of the bonds was signed by the number required by the statute. In determining

that question the names of qualified electors in the district may have been excepted from the count on information that they had ceased to reside in the district, when in truth and in fact they had not. There is no evidence that appellant in the ordering of the election and in determining of the result was guilty of bad faith, or fraud. There is not necessarily any inconsistency in the finding of appellant that there were only one hundred eighty qualified electors in the district when the election was ordered, and two hundred sixty-one when the election was held. The order providing for the election finding that there were only one hundred eighty qualified electors in the district was not an adjudication of that fact in so far as it affected the number of qualified electors entitled to vote. It was an adjudication of that fact for the purpose alone of ascertaining whether the required number had signed the petition for the issuance of the bonds as required by the statute.

Another objection is that the bonds are void because they were ordered issued in denominations of one thousand dollars instead of in sums of one hundred dollars and five hundred dollars, as provided in section 4 of chapter 277 of the Laws of 1920 (section 7161, Hemingway's Code Supplement). The bonds were issued under chapter 277 of the Laws of 1920 (Hemingway's Code Supplement, sections 7158 to 7178c, inclusive), as supplemented by chapter 207, Laws 1920 (Hemingway's Code Supplement, sections 6662f-6662j, inclusive). The latter statute (section 6662h) provides that the bonds shall not bear a greater rate of interest than six per cent per annum, payable semiannually, the *denominations,* form and place of payment to be fixed in the resolution of the board of supervisors.'' (Italics ours.) Appellees argue that the former statute as to the denominations of the bonds applies, and not the latter. The provisions in the two statutes with reference to the denomination of the bonds are in conflict. One fixes the denomination of the bonds, while the other expressly

gives that power to the issuing board. Chapter 207 of the Laws of 1920, being the later act, must control over chapter 277 of the Laws of 1920, although they were both enacted at the same session of the legislature. *Bacot* v. *Board of Supervisors of Hinds Co.*, 124 Miss. 231, 86 So. 765; *Rosenstock* v. *Washington Co.*, 123 Miss. 175, 85 So. 91. It follows from these views that the decree of the chancellor is reversed, and final decree will be entered here validating the bonds.

*Reversed and judgment here.*