IN RE VALIDATION BONDS OF ORANGE GROVE CONSOL. SCHOOL DIST.

(Division A. Jan. 15, 1940. Suggestion of Error Overruled Feb. 12, 1940.)

[193 So. 6. No. 34002.]

**J. F. Galloway**, of Gulfport, for appellant.

Leathers, Wallace & Greaves, of Gulfport, for appellee.

**Griffith, J.,** delivered the opinion of the court.

There are 161 qualified electors residing in the Orange Grove Consolidated School District in Harrison County. On June 9, 1939, a petition signed by 133 of the aforesaid electors was presented to the board of supervisors praying for the issuance of the bonds of the district in the sum of $30,000 to provide funds to erect, repair, and equip school buildings. The petition did not request that an election be called, but, for the sole authority relied on, referred specifically to Section 6643, Code 1930, which section is in the following language: "On petition of the majority of the qualified electors residing in a consolidated school district, the board of supervisors may issue bonds for such consolidated school district in the manner provided for by law, to erect, repair, and equip school buildings, teachers' homes, school barns, transportation vehicles, and for purchasing lands for schools; provided, the bond issue for other purposes on the property of said school district shall not be included in calculating the limit on the amount to be issued for the purposes herein provided, but only such bonds as may be issued for said district as a separate taxing unit shall be counted in calculating the limit of the amount. The trustees of the school shall have authority to expend the proceeds of bonds for the aforesaid purposes and such

funds shall be disbursed on pay certificates issued by the county superintendent, on the order of said trustees.''

At the same term and on June 19, 1939, the board made an order in accordance with the prayer of the petition. The order adjudicated and recited all the ultimate jurisdictional facts which were required to be adjudicated an recited under the quoted statute.

Prompt steps were taken for the validation of the bonds by the chancery court; and when public notice was given of the validation proceedings, about 112 of the electors of the district appeared and protested, whence it seems that in less than two months in time there there had been a considerable reversal of sentiment among the electors on the question—but this change was too late to find place as such in the present proceedings if valid at the time taken.

Upon a hearing the bonds were validated by the chancery court, and the objectors have appealed, arguing as their principal ground for a reversal, that the bonds could not be issued without an election; that because the quoted section requires that the bonds shall be issued ''in the manner provided for by law'', there is brought into the statute the provisions of Section 6737, Code 1930, and of Chap. 152, Code 1930, by which, before bonds may be issued, an election must be called and held.

Appellants rely on some of the language used in Board of Supervisors of Lowndes County v. Ottley, 146 Miss. 118, 112 So. 466 and Board of Supervisors of Forrest County v. Clark, 163 Miss. 120, 140 So. 733. In each of these cases an election was ordered; and so far as appears from the reports of those cases the petitions, although signed by a majority, may have prayed an election. These cases at most would be no more than persuasive, but are not authority for the contention made by appellants.

Among the cases brought to our attention, the one more nearly in precise point is Price v. Sims, 116 Miss. 687, 77 So. 649; and, as regards a statute in the express terms

such as here before us, we follow the reasoning in that case, which is that, when a majority of those entitled to a voice have, by their petition, expressed themselves in favor of the issuance of the bonds, it shall not be necessary to incur the expense and delay in having them repeat at the polls what they have already expressed in their majority petition, unless the petition itself has been qualified by the request therein that an election be called; and that the requirement that the bonds shall be issued "in the manner provided for by law" has reference to the details of the issuance, and not to the primary question whether or not the bonds shall be issued.

Some points collateral to the principal question have been presented, but they are not of such nature as to require discussion.

Affirmed.