## Nicholas *v.* Calhoun et al.

In Banc. Nov. 8, 1948.

(37 So. (2d) 313)

**T. Price Dale**, for appellant.

C. W. Sullivan, for appellees.

**Griffith, C. J.**

At an election held on May 13, 1947, the majority of the qualified electors of the City of Hattiesburg authorized the issuance of the bonds of said City in the sum . of $1,290,000, ''for the purpose of raising money for the erection of school buildings, and the purchase of such lands as may be necessary therefor, and the improvement, repair, adornment and equipment'' thereof. Some question has been raised whether the bonds were authorized under Sec. 3598 or Sec. 6416, Code 1942, but this is

immaterial so far as concerns the immediate question before us:

The municipal authorities made it known that they proposed to expend the funds for the following purposes: To erect new school buildings, consisting of Junior High School Building, West End Elementary School Building, and to make repairs, alterations, and additions to existing Camp, Walthall, Eaton, Lamar and Davis Elementary School Buildings, and Senior High School and Eureka Negro High School Building, and to construct a new Stadium and Athletic Field.

Appellant, a taxpayer, thereupon filed his bill to enjoin the expenditure of any of said money for a stadium and athletic field on the ground that such expenditures would not be for a purpose for which bonds could be issued, that is to say, that a stadium is not a school building and that an athletic field is not land for a school building. The parties, on presentation of the case, agreed by written stipulation on the following facts:

''It is agreed that the State Board of Education of the State of Mississippi has heretofore prescribed a course of physical education to be taught in the public schools of the State of Mississippi and acting pursuant to said order the State Department of Education of the State of Mississippi has issued Bulletin number 119, being a manual for teaching physical education for the schools of Mississippi and which manual is made an exhibit hereto. The manual exhibited hereto is the latest manual issued by the State Department of Education, but other manuals have been issued throughout the preceding years.

''It is also agreed that the public schools of the Hattiesburg Municipal Separate School District, acting under the order adopted by the State Board of Education prescribing a course in physical education, prescribed by Bulletin No. 119 and those Bulletins which have preceded it for a period of ten (10) or more years. That in teaching said course the public schools of the City of Hattiesburg now have three physical directors employed

and for the past eight or ten years prior thereto have had constantly employed two physical directors.

"It is further agreed between the parties hereto that among other things taught and done in connection with physical education the City Schools of Hattiesburg train and discipline football teams and baseball teams and track teams, basketball games, and that they sponsor intra and inter school games and that a stadium and athletic field are essential and necessary in carrying out such physical education."

It is not questioned that the Board of Education and the Trustees of the schools, such as the schools of the City of Hattiesburg, were fully authorized to prescribe the courses in physical education and to promulgate the manuals and the rules mentioned in the stipulation, the statutes being as follows: Sections 6665, 6666, 6670, also 6423, Code 1942.

We do not find it necessary to belabor the question whether a school stadium is a school building. It will be noted that the statutes did not limit the purposes for which bonds might be issued to schoolhouses. If that had been the statutes, it could be argued with weighty persuasiveness that the limitation was of structures with enclosed walls, doors, windows, and roofs. ▮▮ But the statutes in using a broader term evidence a broader purpose, broader than that of enclosed walls, doors, windows, and roofs, and within this broader purpose the school stadium is an example and therefore is within the statutes, provided it is shown that the stadium is appropriate, proper, and necessary to an adequate compliance with the requirements of the particular school as respects its department of physical education; and this is admitted to be the case here. In such a case it has been held that a school stadium is a schoolhouse within statutes such as we are here considering. See Alexander v. Phillips, 31 Ariz. 503, 254 P. 1056, 52 A. L. R. 244.

Little or nothing has been said in the briefs about the athletic field. We assume it will be a part of the set-up of the stadium and is therefore carried along by the stadium in view of the statutory authority to purchase land for the authorized buildings.

Affirmed.