In re SAVANNAH SPECIAL CONSOLIDATED SCHOOL DISTRICT
OF PEARL RIVER COUNTY.

In Banc.    Feb. 27, 1950.

No. 37623 (44 So. (2d) 545)

H. K. McKee and Ben & J. H. Stevens, for appellants.

466

Morse & Morse, for appellee.

Lee, J.

This is an appeal from a decree of the Chancery Court of Pearl River County, validating the bonds of the Savannah Special Consolidated School District in that county in the sum of $30,000.

The record discloses that certain citizens of the Savannah Special Consolidated School District filed their peti-

tion with the Board of Supervisors of Pearl River County praying for the issuance of bonds of said district in the amount aforesaid for the purpose of ''erecting or repairing a gymnasium, . . . improving water system, repair and reroofing of school buildings in said school district.'' The petition alleged that the signers thereof constituted a majority of the qualified electors of the district. The relief sought was asked for under Section 6370, Code of 1942. There was a further allegation that the total number of qualified electors in the district was 165; and that the amount asked for did not exceed 15% of the assessed valuation of the property in the district.

The board of supervisors received the petition, and adjudged that it had been signed by 103 of the 165 qualified electors, a majority of the qualified electors of the district, and recited that all other jurisdictional prerequisites had been complied with. They ordered the bonds issued and directed the clerk to forward the transcript to the State Bond Attorney for his opinion, as provided by law. The State Bond Attorney rendered an opinion that the bonds were in all respects legal and sufficient. Notice, as required by law, was then given to the taxpayers that the hearing would be held on the 29th day of September 1949. On that date Tillous Smith and 7 others appeared and filed objections to the validation of these bonds.

The assignment of errors covers the objections which, in effect, raised the following questions: (1) that the bonds were sought to be validated when no election had been held; (2) that the petition and order were void because the purpose was stated in the alternative rather than specifically; (3) that the plans for the improvements had not been approved; (4) that the bonds were void because it was provided that they should mature without option of prior payment; (5) that the proceedings by the board of supervisors were secret; and (6) that the petitioners did not constitute a majority of the qualified electors of the district.

The board of supervisors and the trustees of the school district filed a motion to strike the objections, and also an answer, which constituted a general denial of all the allegations contained in the objections.

The court, on the motion to strike, evidently treated the objections as either insufficient in law, or irrelevant, or both, because it sustained the motion and entered its decree, validating the bonds. The objectors there appealed here.

As to objection number one, this Court has held that, when a majority of those entitled to vote, by their petition, pray for the issuance of bonds by a consolidated school district, under the provisions of Section 6370, Code of 1942, an election is unnecessary. In other words, a petition signed by a majority of the qualified electors requesting issuance of consolidated district bonds, authorized the validation of the bonds without an election. In re Validation Bonds of Orange Grove Consolidated School Dist., 187 Miss. 373, 193 So. 6. The conclusion there reached was reaffirmed in Ashcraft, et al. v. Board of Supervisors of Hinds County, 204 Miss. 65, 36 So. (2d) 820. It follows that the first objection was not well-taken.

As to objection number two, umbrage was taken at the language of the petition, as set out in the second paragraph of this opinion. The language of Section 6370, Code of 1942, is ". . . erect, repair, and equip school buildings." We think a gymnasium is a school building, within the meaning of the statute. See Nichols v. Calhoun et al., 204 Miss. 291, 37 So. (2d) 313, where this Court held that a stadium is a school building within the meaning of the statute authorizing the issuance of municipal bonds for the erection of school buildings. Assuredly, they could either erect a new one, or repair the old one. "Improving water system" was equipping a school building, because water and its distribution are necessities. "Repair and rerooﬁng school buildings" manifestly constitute repair within the mean-

ing of the statute. If the purposes to be accomplished are within the purposes specified by the statute, they are within the statute. Ashcraft v. Board of Supervisors, supra.

As to objection number three, our attention has been called to no authority, statutory or judicial, and we know of none, requiring the approval and adoption of plans for the improvement before bonds may be issued.

As to objection number four, we might say that bonds with definite maturities have a greater appeal to many investors. In the public interest, choice must be made between cheap money and longer maturities, and dear money and shorter maturities. This was a matter in the discretion of the governing body, and we think the objection was without merit.

As to objection number five, this had the effect simply to show that the objectors had no opportunity to make their objections to the board. They alleged that they had no notice, except the rumor in the community, attendant on the circulation of the petition; that when some of them went to the board to inquire, they could not even get into the meeting because the board was said to be in executive session; and that they were even cut off from the information that any citizen might gather by simply going into the room where the supervisors were sitting. The effect of this objection was to show that they had been afforded no opportunity to be heard, and for that reason, the court should give them a hearing in that proceeding. The decision of this question is tied into the next objection.

As to objection number six, it was charged that a majority of the qualified electors had not signed the petition. Now, they were not parties in the proceedings before the board. If they had been, their remedy would have been by appeal on bill of exceptions to the circuit court. Section 1195, Code of 1942. And, not having pursued the remedy provided by law, the objections would have con-

stituted a collateral attack, which could not be maintained. Johnson et al. v. Board of Supervisors of Yazoo County et al., 113 Miss. 435, 74 So. 321; Hinton v. Board of Supervisors of Perry County et al., 84 Miss. 536, 36 So. 565; Wofford et al. v. Williams, Tax Collector, 110 Miss. 637, 70 So. 823; Harvey v. Covington County, 161 Miss. 765, 138 So. 403; and Green et al. v. Hutson et al., 139 Miss. 471, 104 So. 171.

But, as we have said, the objectors had no part in the proceeding before the board. Their first legal notice that their property was to be burdened with a tax to pay these bonds was the notice to taxpayers of the validation proceedings. If the allegation that a majority of the qualified electors had not signed the petition was true, the power of the board to issue the bonds was destroyed. The finding of the board was that there were 165 qualified electors in the district, and that 103 of them had signed. Now, 83 of such electors would have constituted a majority. But, suppose the chancellor had heard this objection, and it had developed that 21 of the signatures were unauthorized and improperly on the petition. That would have reduced the number to 82—less than a majority. In that event, the petition would have been shown to be insufficient, and the bond issue could not have been upheld and validated, because the issue was not authorized in conformity to law.

The supreme law of our State prohibits deprivation of property except by due process of law. Section 14, Article 3, Mississippi Constitution. To provide against injustice, it is contemplated that notice shall be given to those affected so that they may have an opportunity to be heard—have their day in court. Prior to the decision in the Orange Grove case, supra, bonds were issued either after an election, or after a declaration of intention to issue at a subsequent date. In either event, notice was given to the constituency. But, since the decision in the Orange Grove case, supra, bonds may be issued on petition of a majority of the qualified electors, and no provi-

sion is made for notice prior to the issuance. Unless, therefore, an opportunity is afforded to those who object between the time of issuance and the final approval of the bonds, to have their day in court, we run headlong into conflict with the supreme law of our State.

In the validating act, Section 4314, Code of 1042, when objections are filed in writing, and the case is set over for another day for the hearing, it is provided in part: "And on the hearing the chancellor may hear additional competent, relevant and material evidence under the rules applicable to such evidence in the chancery court, so as to inquire into the validity of the bonds or other obligations proposed to be issued, and enter a decree in accordance with his finding." This provision must be construed so as to give to those who have had no opportunity to protest such action, in a case like this, the right to a hearing, when they respond to the notice to taxpayers in the validation proceeding.

The court ought not to have stricken the sixth objection, but should have heard and determined the same.

An additional complaint is that Chapter 295, Laws of 1948, supersedes Section 6370, Code of 1942, and that under this Act, boards of trustees are now the proper authority to issue bonds.

It is true that the said Act does authorize and empower boards of trustees of consolidated and special consolidated school districts, in their discretion, to issue bonds on petition of the majority of the qualified electors of such districts, as provided in Section 6370, Code of 1942. But, it will be noticed that they may do this in their discretion. The Act makes no attempt to repeal the Code section, or even amend or change it. This seems to be an additional method, but it does not attempt to exclude other methods. Repeals by implication are not favored. Hence, we think that this complaint is untenable.

For the error of the court below in striking objection number six, when it should have been heard and determined, this cause is reversed and remanded.

Reversed and remanded.

**Smith, J.** (dissenting).

It is always with the greatest diffidence and reluctance that I venture to disagree with the collective learning and wisdom of my confreres, but sometimes I do dissent, and it is with respect and deference that I do so in this case, and am impelled to explain my views.

The controlling opinion correctly sets out the facts in the record of the case at bar, and it is unnecessary for me to repeat them. However, I think this matter is controlled by the case of Harvey et al. v. Covington County, 161 Miss. 765, 138 So. 403.

In that case, this Court held that the validity of outstanding warrants of the county cannot be adjudicated by the chancellor in county bond validation proceedings, since such objections constituted collateral attacks on the judgment of the board of supervisors. Section 5977, Code 1930, now Section 4319, Code 1942. This statute empowered and required every county and municipality having legal and undisputed outstanding warrants or other obligations, and insufficient funds in the treasury to pay them or any of them, ''to at once prepare for, and take up such warrants and other obligations from the proceeds of serial bonds which shall be issued for such purpose, as is provided by law for issuance of bonds for the payment of oustanding obligations. Such bonds to pay such outstanding obligations shall be issued regardless of the amount thereof, and no election shall be held on the question of the issuance of such bonds. . . . the prompt issuance of sufficient bonds to pay all of such legal and undisputed warrants or other obligations is made mandatory on such counties and municipalities.''

It will be noted that since an election was prohibited, the procedure for the issuance of the bonds required no notice of their issuance, and none was, therefore, given. However, objectors could have appeared before the board of supervisors and challenged in a contest that such warrants and other obligations were legal or undisputed or outstanding and that there was not sufficient money in the treasury to pay them, or any other appropriate lawful objection. This Court has held that one other such objection may be based on the rule that the board of supervisors, in such a case, must find as a jurisdictional fact that such bonds, when added to a district's outstanding bonded indebtedness, would not exceed ten per cent of assessed valuation of taxable property therein, and set forth such facts in its order before bonds could be validly issued or validated. Brown et al. v. Board of Supervisors of Simpson County, 185 Miss. 216, 187 So. 738.

In the Harvey v. Covington County case, supra, the board of supervisors expressly adjudicated the necessary jurisdictional facts, and there was no notice to anyone, and no contest before the board.

Thereafter, validation proceedings were instituted under Chapter 10, Code 1930, now Chapter 1, Title 18, Code 1942. On the date in the notice of such proceeding setting for hearing the validation proceedings, objections were filed which denied "the truth or existence of the various facts adjudicated by the board of supervisors, and challenging the validity of most of the items . . .". Objection was made to the evidence offered by the opponents of the validation, which were sustained by the court. A motion was then made by the proponents to dismiss the objections because they set forth no legal grounds, which, if true, would give the chancery court jurisdiction to inquire into them; that each allowance in the list of warrants and outstanding obligations had been adjudicated by the board of supervisors; and that each claim had also been adjudicated by the board to be legal, outstand-

ing, and undisputed obligation against the county; that no appeal had been taken from that order; "and that the chancery court was without jurisdiction;" that the only remedy was by appeal to the circuit court, and that issues sought to be thus tried in the validation proceedings were collateral attacks on the orders of the board of supervisors, and, therefore, were not germane to the issue to be tried in the validation proceedings. The court sustained this motion to strike, and validated the bonds, and from that decree the case was appealed to the Supreme Court, which affirmed it. To the opinion were cited Choctaw County v. Tennison et al., 161 Miss. 66, 134 So. 900; Board of Supervisors of Prentiss County for Booneville and Burton Good Roads District v Holley et al., 141 Miss. 432, 106 So. 644, 645; Green et al. v. Hutson et al., 139 Miss. 471, 104 So. 171; Johnson et al. v Board of Supervisors of Yazoo County et al., 113 Miss. 435, 74 So. 321; and in these cases were cited also Wilson v. Wallace, 64 Miss. 13, 8 So. 128; Ferguson et al. v. Board of Supervisors of Monroe County, 71 Miss. 524, 14 So. 81; Deberry v. President, etc. Town of Holly Springs, 35 Miss. 385; Borroum et al. v. Purdy Road District, 131 Miss. 778, 95 So. 677.

The Court, in the case I am discussing said [161 Miss. 765, 138 So. 404]: "The uncertainty as to whether the validity of the items of alleged outstanding warrants and obligations may be challenged and again adjudicated by the chancellor in a validation proceeding seems to have its foundation in the provision of Section 313, Code 1930, (now Section 4314, Code 1942) that upon the hearing of a validation proceeding, the chancellor 'may hear additional competent, relevant and material evidence under the rules applicable to such evidence in the chancery court, so as to inquire into the validity of the bonds or other obligations proposed to be issued, and enter a decree in accordance with his finding.' "

This Court ruled against the offered evidence, as shown ante, citing the cases listed. It also said: "Section 61,

Code 1930, provides that any person aggrieved by any judgment or decision of the board of supervisors may appeal from such order to the next term of circuit court. In the case of Deberry v. President, etc., of Town of Holly Springs, 35 Miss. 385, it was held that under this statute it was not necessary that the aggrieved party desiring to appeal from an order of the board should be a party to the record, while in the case of Wilson v. Wallace, 64 Miss. 13, 8 So. 128, and Ferguson v. Board of Supervisors of Monroe County, 71 Miss. 524, 14 So. 81, it was held that any taxpayer may appeal from judgments or decisions of the board of supervisors.''

The case of Green v. Hutson, supra, was a bond validation proceeding wherein attack was sought to be made upon an adjudication of the board of supervisors that twenty per cent of the electors did not protest against the issuance of the bonds, and the court refused to hear it, holding that it was a collateral attack on the validity of the bonds. In the case at bar, it was sought to prove that the adjudication by the board of supervisors that a majority of the electors signed the petition was untrue, and in my judgment it was an attempted collateral attack, and the chancellor correctly rejected it. The citation of the Green case involving an election with notice as authority to support the Court's conclusion in a case without an election and notice seems to me a clear indication that the Supreme Court was of the opinion that the same principles as to collateral attack applied equally to both types of cases, and hence would apply to the case at bar. In discussing the case of Johnson v. Board of Supervisors of Yazoo County, supra, the Court said in the Harvey v. Covington County case: ''Where the order of the board of supervisors ordering the issuance of highway construction bonds, shows the jurisdictional facts, on its face, its judgment has all the effect of a valid judgment of a court of general jurisdiction, and can only be questioned by a direct proceeding by appeal or certiorari to the circuit court . . . but the

chancery court has no such jurisdiction and when the records show jurisdiction in the board of supervisors to pass an order, chancery cannot question the validity of the proceedings.''

Finally, in the Harvey v. Covington County case, the opinion of the Supreme Court declared: ''The objectors had the right of appeal from this order, but failed to avail themselves of this right. The objections sought to be interposed in the validation proceeding constituted collateral attacks on the validity of the final judgment of the board of supervisors that the listed claims and obligations were properly payable by the proposed issue of bonds, and the action of the court below in sustaining objections to the evidence offered in support of the objections to the issuance of the bonds, and in sustaining the motion to strike such objections, was correct.'' The Covington County case was later reaffirmed in Hegwood et al. v. Board of Supervisors of Smith County, Miss., 140 So. 223, and cited with approval in Brown v. Board of Supervisors of Simpson County, 185 Miss. 216, 187 So. 738.

It is to be remembered that in Covington County case, supra, there was no notice; and that in the case at bar there was no notice. It is also to be remembered that one aggrieved by the order of the board need not have been a party to the record, and that any taxpayer may appeal. This was not done in the case at bar, and in my judgment, an effort to prove that a majority had not petitioned for the bond issue in the instant case is a factual issue adjudged to the contrary by the board of supervisors, just as was the factual issue of the validity, and lack of dispute, and correctness of the warrants and obligations in the Covington County case where there was no notice or appeal as in the case at bar. They were both attacks upon the final adjudication of facts by the board with jurisdiction, whose judgment had all of the force of that of a court of general jurisdiction, and were collateral attacks, and not permissible. I

478

think the Chancellor was correct, and the decree should be affirmed.

No constitutional question was raised in the case at bar, either in the trial court, or by any assignment of error in this Court. Due process is satisfied by our decisions, to which reference is made ante, it seems to me, which point out that one need not be a party to the record in the court of the board of supervisors in order to appeal, and that any aggrieved citizen or taxpayer may appeal to the circuit court, or that the matter may be taken to that court by certiorari. The controlling opinion, deferentially, in my judgment, overrules the cases hereinbefore cited, without any justifiable basis that they are wrong in principle or mischievous in effect.

My dissent is, however, only from that part of the controlling opinion which puts justification on its constitutional views and which authorizes rehearing by the chancery court of the evidence already adjudicated by the board of supervisors, for the reason that it constitutes a collateral attack upon the board's judgment. As stated above, I think the decree of the Chancellor should be affirmed.