In re MAGEE CONSOLIDATED SCHOOL DIST. BONDS.

Division A. Nov. 5, 1951.

No. 38323 (54 So. (2d) 664)

**A. K. Edwards,** for appellants.

**R. C. Russell,** and **W. A. Bacon,** for appellee.

Arrington, C.

This is an appeal by L. R. Floyd from a decree of the Chancery Court of Simpson County, Mississippi, validating the bonds of the Magee Consolidated School District.

In May, 1951, a petition was filed by a majority of the qualified electors of the Magee Consolidated School District praying for the issuance of bonds of the school district in the sum of $150,000. Pursuant thereto, the board of supervisors, by resolution adjudicating all the necessary jurisdictional facts, issued the bonds in the amount prayed for. Due notice of the validation of said bonds was given.

Prior to the validation hearing, objections were filed by appellant, L. R. Floyd, and others. An answer and a motion to strike the objections were duly filed. Upon the hearing, the motion to strike was sustained, and a decree was entered, validating the bonds. The issuing authority was Section 8 of Chapter 231, Laws of 1950, which provides: ''When a petition signed by a majority

of the qualified electors residing within the school district on behalf of which bonds are to be issued, fixing the maximum amount of such bonds and the purpose, or purposes, for which they are to be issued, shall be filed with the board of supervisors of the county or the governing authorities of a municipality, as the case may be, praying for the issuance of bonds for any of the purposes herein enumerated, the board of supervisors or the governing authorities of the municipality as the case may be, shall issue the bonds of such school district in the manner herein provided, in the amount and for the purpose, or purposes, set forth in such petition, without the necessity of calling an election upon the question of whether or not such bonds shall be issued. The finding of the board of supervisors or the governing authorities of the municipality, as the case may be, as to the sufficiency of any such petition shall be final and conclusive, unless such finding be appealed from in the manner provided by law.''

The board of supervisors adjudicated that there were 1,322 qualified electors residing in the Magee Consolidated School District and that the number of said qualified electors signing the petition was 1,091, thus constituting a majority of the qualified electors of said district.

The first three assignments of error are argued together. These assignments contend that the objectors were denied their constitutional rights under the due process clauses of the Constitution of the State of Mississippi and of the United States, Const. Miss. Sec. 14; Const. U. S. Amend. 14, in that no notice was given by the board of supervisors of its intention to issue the bonds, and for that reason, they had no opportunity to appear before the board and make their objections.

This court has held, in a number of cases, that ██ bonds may be issued upon petition of a majority of the qualified electors, without an election and without notice.

In Price v. Sims, 116 Miss. 687, 77 So. 649, 650, the Court said: ''The only manner provided in the act under discussion for the issuance of these bonds is upon the petition of a majority of the taxpayers. The resident taxpayers, by their petition, are given the right to say whether or not these bonds shall be issued, and when a majority of them so signify by the petition, and do not take their names from the petition by a counter-petition, then, under this act, it is mandatory upon the board of supervisors to issue the bonds. No notice by publication is required under this act before the issuance of the bonds; in fact there is no reason for any publication, because the resident taxpayers of the district have already expressed by petition their desire to have these bonds issued and the amount for which they are to be issued.''

This rule was followed in the cases of In re Validation of Orange Grove Consolidated School District Bonds, 187 Miss. 373, 193 So. 6; Ashcraft v. Board of Supervisors of Hinds County, 204 Miss. 65, 36 So. (2d) 820; In re Savannah Consolidated School District Bonds, 208 Miss. 460, 44 So. (2d) 545; In re Winston County School Bonds, Miss., 53 So. (2d) 17.

The next assignment argued is that the court erred in its decree for the reason that there was fraud in the procurement of the signatures to the petition, and they were denied the right to be heard on this issue at the validation hearing. The appellant contends that there was fraud in securing the names of the qualified electors to the petition because there was an explanatory note attached to the petition stating, in effect, that the proposed bond issue would not raise taxes. However, it is not contended that this note was appended to the petition when it was presented to the board of supervisors. The appellant further charged, on information and belief, that a large majority of the petitioners would not have signed said petition had they known that

the proposed bond issue would raise their taxes. Assuming this to be true, it was the duty of the appellant and the other objectors to appeal to the circuit court from the decision of the board of supervisors as provided in Sec. 1195, Miss. Code of 1942. In the absence of such appeal, this objection came too late and constituted a collateral attack. Johnson v. Board of Supervisors of Yazoo County, 113 Miss. 435, 74 So. 321; Harvey v. Covington County, 161 Miss. 765, 138 So. 403; Brown v. Board of Supervisors of Simpson County, 185 Miss. 216, 187 So. 738; Orange Grove Cons. School District, supra; Savannah School District, supra; Winston County School District Bonds, supra.

The appellant, in support of his contentions, quotes from the Savannah case, supra [208 Miss. 460, 44 So. (2d) 548], as follows: "The supreme law of our State prohibits deprivation of property except by due process of law. Section 14, Article 3, Mississippi Constitution. To provide against injustice, it is contemplated that notice shall be given to those affected so that they may have an opportunity to be heard—have their day in court."

In that case, the objectors had no opportunity to be heard before the board of supervisors. They went to the meeting of the board and could not get in for the reason that the meeting was in secret, or in executive session. ██ █ In the instant case, we are not confronted with this question. The record herein does not show that the objectors were denied the opportunity of appearing before the board and their objections did not allege that they were not signers of the petition. The proceedings appear to be regular on their face.

The decree of the chancellor in validating the bonds was correct, and the objections constituted a collateral attack. It follows, therefore, that the decision of the court below should be and it is affirmed.

Affirmed.

**PER CURIAM.**

This opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.