**TRULY, SMITH, LATHAM & KUEHNLE, Plaintiff,**

v.

**INTERNATIONAL PAPER COMPANY, Defendants.**

No. Civ.A. 5:98–CV–181BN.

United States District Court, S.D. Mississippi, Jackson Division.

May 4, 1999.

---

W. Marion Smith, Adams, Forman, Truly & Smith, Natchez, MS, for Truly, Smith, Latham & Kuehnle, plaintiff.

John G. Corlew, Leah D. McDowell, Watkins & Eager, Jackson, MS, for International Paper Company, defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court pursuant to the Motion to Remand filed by Plaintiff Truly, Smith, Latham & Kuehnle, a law firm based in Natchez, Mississippi. Plaintiff asks that the Court remand this case to the Chancery Court of Adams County, Mississippi. Having considered the Motion, briefs of the parties and applicable legal authorities, the Court rules that Motion to Remand is well taken and is hereby granted.

## I. BACKGROUND

On February 23, 1998, International Paper Company ("International Paper" or the "Company") entered into an Assistance Agreement with Adams County, Mississippi (the "County"), regarding cooperation in the issuance of bonds. The proceeds from the sale of those bonds were intended to finance the costs of an International Paper project in the County. The project involves the acquisition, construction and installation of facilities for the production of high-quality dissolving pulp. The bond issuance was handled by the Chancery Court of Adams County, Mississippi.

Paragraph 2(c) of the Assistance Agreement provided that International Paper would lease the project in question from the County and pay the County sums which would pay all costs of the issuance of bonds. Paragraph 5 provided that the "Company agrees that it will reimburse the Issuer for all reasonable costs relating to the project, including reasonable fees for legal services of counsel for the Issuer...." Paragraph 5 further provided that "the Company (International Paper) shall have the sole responsibility and liability for all said costs, and that the Issuer (Adams County, Mississippi) has no authority to pay such costs except from the proceeds of the bonds."

International Paper also entered into a Lease and Financing Agreement with the County. Under Article VII, Section 7.1 of the Lease and Financing Agreement, International Paper agreed to pay all administrative expenses associated with the bonds. Section 7.1 states that if International Paper should fail to make any such payment for administrative expenses, "the payment so in default shall continue as an obligation of the Company until the amount in default shall have been fully paid, and the Company agrees to pay the same with interest thereon until paid at the same rate as the interest on the Bond."

The County retained Truly, Smith, Latham & Kuehnle ("Truly") to act as counsel for the bond issuance. After completing all related legal work, Truly calculated its fees and presented its bill directly to the Company. According to Truly, it calculated its fees pursuant to Miss.Code Ann. § 19-3-47, which sets forth a method for calculating attorney's fees pertaining to the issuance of bonds and the drafting of orders and resolutions in connection therewith. International Paper takes the position that this statute only defines the maximum attorney's fees allowed by law and that this maximum fee is not reasonable for the work performed by Truly. Truly billed a total $145,759.62 for its services as issuer's counsel. The bill submitted to International Paper cited a flat fee of $145,750.00 for "all legal services," listed $9.62 in office expenses and then cited the grand total.

According to International Paper, Truly refused to provide a more detailed description of its services and improperly based

its fee calculation solely on the amount of the issuance. International Paper refused to pay the bill presented by Truly. International Paper did pay two other law firms who provided legal services pertaining to the bond. McGuire, Woods, Battle & Booth, acting out of their office in Baltimore, Maryland, acted as special counsel to the Company and was paid approximately $34,000.00. Watkins, Ludlam, Winter & Stennis of Jackson, Mississippi, acted as bond counsel and was paid approximately $28,000.00.

On October 16, 1998, Truly filed in the Chancery Court of Adams County a Motion for Payment of Attorney's Fees and Costs. The Motion was filed under the case style of *In re: Validation of $56,-300,000 Adams County, Mississippi, Industrial Development Revenue Bonds, 1998 Series (International Paper Company Project) to be Dated as Provided in Lease and Finance Agreement Securing Bonds.* Instead of responding to the motion filed by Truly, International Paper "removed" this "separate action" regarding the calculation of legal fees to federal court. International Paper claimed federal jurisdiction on the basis of diversity. Truly concedes that complete diversity exists between the parties, but argues that the matter before this Court is not a separate action but a part of the initial bond issuance filed by International Paper in the Chancery Court of Adams County. The bond issue in question was the third in a series, and Truly points out that the Company never questioned the payment of previous fees submitted to the Company. Truly thus filed the present Motion to Remand the dispute over legal fees to the Chancery Court of Adams County.

## II. LEGAL STANDARD

The statutory basis for the removal of a case to federal court is set forth at 28 U.S.C. § 1441(a), which states, in pertinent part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction,

may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." Once a case has been removed from state court, the removing party bears the burden of proving that the federal court has jurisdiction to hear the claim. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989) (holding that the "removing party bears the burden of establishing federal jurisdiction"). The federal court may remand a case to state court if it finds that it lacks proper subject matter jurisdiction. 28 U.S.C. § 1447(c).

## III. DISCUSSION

The issue before the Court is whether the dispute between Truly and International Paper regarding legal fees constitutes a separate "civil action" which can be removed to federal court under 28 U.S.C. § 1441(a). Truly and International Paper agree that a proceeding which is ancillary to an underlying action but which presents a new claim satisfies the definition of "civil action" and is subject to removal. They differ as to whether the dispute over legal fees is ancillary to the bond validation proceedings in the Chancery Court of Adams County, Mississippi.

Although the style of this case identifies Truly as the plaintiff, Truly explains that "the present action is not an action separate from the bond issuance," but instead it is "merely a motion to ask the Chancery Court to conclude the bond issuance." Motion of Truly to Remand, at 3–4. Truly therefore argues that the dispute regarding legal fees should be remanded to the Chancery Court of Adams County. Truly argues that this dispute does not constitute a "civil action" under § 1441(a), and that even if it does, a plaintiff may not remove a case instituted by the plaintiff (whom Truly apparently considers to be International Paper). *Lirette v. N.L. Sperry Sun, Inc.,* 810 F.2d 533, 538 (5th Cir.1987).

Focusing on the contracts underlying the bond issuance, Truly argues that the language in the Assistance Agreement discussing the liability of International Paper for "all said costs" includes legal fees. Truly explains that there is no case law directly on point, but cites other cases where a motion for attorney's fees provided for by statute were deemed to be a mere motion and not a separate cause of action. *See Knighton v. Watkins*, 616 F.2d 795 (5th Cir.1980) (holding that a motion for attorney's fees "merely seeks what is due because of the judgment" in an existing action under 42 U.S.C. § 1988); *Brown v. General Motors Corp., Chevrolet Div.*, 722 F.2d 1009 (2d Cir.1983) (finding that § 1988 does not create a separate action for attorney's fees).

Truly refers the Court to the Opinion of the Bond Attorney of the State of Mississippi issued for the bond issuance as required by Miss.Code Ann. § 31–13–5. The State Bond Attorney filed the opinion with the Chancery Court, along with the Lease and Financing Agreement and other documents. The Chancellor then entered a Decree of Validation after reviewing "all of the legal papers relative to the issuance of said obligations," including the Lease and Financing Agreement. Truly argues that its bill for legal fees is best decided by the Chancy Court because it was based on Miss.Code Ann. § 19–3–47(c), which provides for payment of attorney's fees related to the issuance of bonds.

International Paper responds that "[t]he sole basis of this dispute is plain and simply a written contractual relationship between [International Paper] and Adams County" based on the Assistance Agreement and the Lease and Financing Agreement. Response of International Paper, at 2. International Paper argues that the cases involving 42 U.S.C. § 1988 are distinguishable from the present dispute. More specifically, International Paper contests the argument of Truly based on the decision of the United States Court of Appeals for the Second Circuit in *Brown v.*

*General Motors.* As cited by International Paper, the full scope of the holding of the Second Circuit as to attorney's fees is as follows:

The entitlement of an attorney to fees depends upon the contractual arrangement between the attorney and client. The parties to these arrangements may well take into account the possibility of a court award of fees where statutory authority such as Section 1988 exists but a claim for such an award must be made by the party rather than the attorney.

*Brown*, 722 F.2d at 1011. In regards to the bond issuance, the party in question would therefore be the County rather than Truly.

International Paper also points to *Truong v. Grand Trunk Western R. Co.*, 882 F.Supp. 107 (E.D.Mich.1995), where the district court upheld the removal of a dispute regarding attorney's fees which was ancillary to state court proceedings. The court considered whether there were similar issues of fact and similarly aligned parties in the state proceedings and the action removed to federal court. *Id.* at 109. International Paper points out that neither International Paper nor Truly was a party to the Chancery Court proceedings because § 31–13–5 provides that the only proper parties to bond validation proceedings are the governmental entity issuing the bonds and the taxpayers of that entity. *See Love v. Humphreys County*, 190 Miss. 365, 200 So. 245, 247 (1941). Accordingly, International Paper concludes that Truly had no standing to file a "motion" in the Chancery Court, and asserts that "Plaintiff's improper attempt to insert its claim into a completed bond validation proceeding does not defeat [International Paper's] removal rights." Memorandum of International Paper in Response to Motion to Remand, at 9.

International Paper also argues that the bond validation statutes of Mississippi do not allow Truly to assert a claim for legal fee, and that the Chancery Court could not extend its proceedings beyond the simple

validation of the bond and that the proceedings were concluded when the Chancery Court approved the bonds by Decree dated June 3, 1998. International Paper cites the determination of the Supreme Court of Mississippi that "matters having nothing to do with the validity of the bonds in issue should not be considered" in validation proceedings. *In re: Validation of $7,800,000 Combined Utility System Revenue Bond*, 465 So.2d 1003, 1014 (Miss. 1985). *See also In re: Validation of $15,-000,000 Hospital Revenue Bonds*, 361 So.2d 44, 54 (Miss.1978); *Board of Supervisors of Prentiss County v. Holley*, 141 Miss. 432, 106 So. 644 (1926).

By way of rebuttal, Truly points out that the court in *Combined Utility* held that "a decree may not foreclose litigation of questions which as a matter of law were beyond the scope of the [validation] hearing." *Combined Utility*, 465 So.2d at 1012. Truly further explains that *In re Validation of $15,000,000 Hospital Revenue Bonds* and *Board of Supervisors of Prentiss County* both involved the question of whether a bond issuance should have been validated at all, which is not an issue before this Court.

■ The Motion to Remand which is before the Court centers on the question of whether the dispute between Truly and International Paper regarding legal fees constitutes a separate "civil action" for the purposes of 28 U.S.C. § 1441(a). The Court finds that the Motion filed by Truly in Chancery Court does not constitute a "civil action" which can be removed under § 1441(a). The questions presented by the parties to this dispute are fundamentally questions of state law and should be resolved in state court. Accordingly, the Court finds that this dispute should be remanded to the Chancery Court of Adams County, Mississippi.

## IV. CONCLUSION

Based on the reasons set forth in this Opinion:

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [5] is hereby granted.

IT IS FURTHER ORDERED that this matter shall be remanded to the Chancery Court of Adams County, Mississippi.

SO ORDERED.