DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1913.

---

### Joe B. Lombard, Appellee, v. Nellie May Balsley and Mutual Protective League, Appellants.

1. INSURANCE—*policy as collateral security.* Where husband and wife execute a note payable to complainant, and the husband with the consent of his wife, the beneficiary, pledges a policy of insurance on his life as collateral security and after the death of the husband complainant files a bill against the insurance company and the wife to have a decree entered that the note be paid from the proceeds of the policy, the wife cannot raise the question that the money furnished by complainant for which the note was given did not belong to him.

2. INSURANCE—*where beneficiary consents to pledge.* Where husband and wife execute a note and the husband pledges a policy of insurance as security with the consent of his wife, the beneficiary, the holder of the policy is entitled to collect the insurance to the extent of his interest and it is not necessary that the assignment be in writing.

Appeal from the Circuit Court of Morgan county; the HON. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1912. Decree modified and affirmed. Opinion filed March 18, 1913.

H. C. ·STUTTLE and AMOS MILLER, for appellants; JOHN J. REEVE, of counsel.

KIRBY, WILSON & BALDWIN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

On the 15th of July, 1908, Nellie May Balsley, one of the appellants, and Jacob F. Balsley gave to appellee, J. B. Lombard, their promissory note for $1,500, due two years after date. When this note matured, there was still unpaid $1,260, and Nellie May Balsley and her husband executed a new note dated July 15, 1910, payable to appellee for $1,100 at seven per cent. interest, and agreed within a few days to pay appellee the balance of $160. The note for $1,500 was retained by appellee and $1,100, the amount of the second note was credited upon this note. Chattel mortgages were executed to secure each of these notes at the time they were given. Under an insecurity clause contained in the chattel mortgage, appellee foreclosed the chattel mortgage on December 22, 1910, the proceeds thereof were $227.90. On October 28, 1910, Jacob F. Balsley died. On December 13, 1910, appellee took a judgment upon both notes by confession, for $1,387.13, this included $144.28 attorney's fees. After giving credit for the amount realized from the sale of the chattel property, the balance of $1,186.08 then remained unpaid as the balance of this judgment. At the time of the execution of the first note, Jacob F. Balsley was a member of the Mutual Protective League, a fraternal insurance company organized under the laws of the state of Illinois, and held a policy therein for $3,000, his wife was named as beneficiary. As collateral security for these notes, this policy of insurance was pledged to appellee by Jacob F. Balsley with the consent of his wife, the beneficiary. No assignment was written upon the policy by either of them. After the death of Jacob F. Balsley, appellee caused notice to be served upon the insurance company and demanded that the payment upon this policy be deferred until the interests

of the parties to the fund were finally settled. Appellee filed his bill setting up these facts and made Nellie May Balsley and the Mutual Protective League parties defendant. Issue was joined and the cause referred to a master. The master reported, finding that there was due to the paintiff from the defendant Nellie May Balsley $1,101.14, and recommended that a decree be entered directing that he be paid from the proceeds of the policy. His report was approved and a decree entered from which decree this appeal is prosecuted.

Appellant, the Mutual Protective League, has no direct interest in the result of this action. Nellie May Balsley insists that the decree should be reversed and urges as a cause therefor that the policy being one issued by a fraternal beneficial association organized under the laws of Illinois, that the policy or the proceeds thereof could not be pledged for an indebtedness and that the proceeds of that policy should be paid only to such beneficiary as is permitted under the statute; she also contends as a further reason that the policy never was assigned by her or with her knowledge or consent, and that it was not delivered to appellee as collateral security for this indebtedness; also that the moneys furnished by appellee to Jacob F. Balsley and for which the note was given was not money of appellee but belonged to other parties.

Upon the contention that appellee did not furnish the money, it is sufficient to say that the note is made payable to him and the entire transaction through which this money was borrowed was made with him, no other party being known therein, and it is immaterial to appellant who furnished the money, that was a matter solely between appellee and whomsoever may have furnished the money; if appellant Nellie May Balsley owes the debt and has given her note to appellee, it is immaterial to her what becomes of the money after it is received by appellee.

Upon the contention that by reason of the provisions of the statute, this policy could not be hypothecated to secure a debt or obligation of either the beneficiary or the member, it is conceded that this fund could not be reached by a garnishment, execution, attachment or other legal process by any creditor in an action at law; but the Supreme Court has held on various occasions that with the consent of the beneficiary a fund to be derived by a policy may voluntarily be assigned, pledged or hypothecated for the purpose of securing a debt, and the holder of the policy will be entitled to collect it to the extent of his interest therein, and it is not necessary that this assignment should be in writing, but may be by parol. *Jarvis* v. *Binkley*, 206 Ill. 541; *Ptacek* v. *Pisa*, 231 Ill. 522; *Royal Arcanum* v. *Tracy*, 169 Ill. 123; *Savage* v. *Gregg*, 150 Ill. 161.

We are satisfied from an examination of this record that the evidence fully justifies the finding of the chancellor that the policy was so pledged, assigned and hypothecated for the security of the debt due appellee, and to the extent of this interest therein that he is entitled to have the same paid to him.

We find, however, upon examination of the record that the report of the master is erroneous and that the decree provides for the payment to appellee of more than is due him. We find that at the time the judgment was taken upon these notes there was due $1,387.13, deducting from this the amount received from the chattel mortgage, $227.90 would leave, after allowing interest on the judgment to December 22, $1,161.03. This together with interest at five per cent. from the date of the application of the property received under the chattel mortgage plus the costs of confession of the judgment, was all that appellee was entitled to recover, and this amounted to $1,161.03, upon which interest should be computed at five per cent. from December 23, 1910, and $6.85, the cost of confession. Principal and interest to the date of the filing of this

opinion is $1,290.37, which sum plus $6.85 is $1,297.22, which is the amount that appellee should have had a decree for, and the Mutual Protective League directed to pay him. The decree having been for $1,401.14 is erroneous and will be modified, and a final decree will be entered in this court that appellee is entitled to recover from the proceeds of this policy $1,297.22, and that appellant Nellie May Balsley is entitled to recover the balance, and the same shall be paid to her by the Mutual Protective League. In all other respects the decree will be affirmed. Appellee will be required to pay all costs in this court.

Decree modified and final decree in this court.

*Decree modified and affirmed.*