16973

JAMES ALLEN COLLINS, by Guardian *ad litem,* Appellant, v.
INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA, Respondent

(86 S. E. (2d) 578)

*Messrs. George W. Freeman, Jr.,* and *James F. Coving-ton, Jr.,* of Bennettsville, *for Appellant,*

*Messrs. Turner, Harter & Padget,* of Columbia, *for Respondent,*

*Messrs. George W. Freeman, Jr.* and *James F. Covington, Jr.,* of Bennettsville, *for Appellant, in Reply.*

March 7, 1955.

LEGGE, Justice.

This action was brought under the School Bus Insurance Act, approved June 2, 1952, XLVIII Stat. at Large, p. 3 to recover the amount of Three Thousand ($3,000.00) Dollars under the provisions of a policy of insurance issued by respondent to the State Education Finance Commission on July 15, 1953. The Act in question requires insurance coverage on all State-owned school buses operated under and used for the purposes of Article V of Act No. 379 of the Acts of 1951, XLVII Stat. at Large, pp. 546, 671, and that the insurance contracts shall provide the following benefits:

"(1) For a lawful occupant of any such school bus who suffers personal injuries or death, a death benefit of two thousand dollars ($2,000.00) and an amount sufficient to defray the cost of hospitalization, surgery, medicine, and all other medical expenses up to three thousand dollars ($3,000-.00); * * *."

The facts, as agreed upon between the parties on February 6, 1954, are as follows:

Appellant, a minor under the age of fourteen (14) years, suffered personal injuries as the result of being struck by a school bus on December 29, 1952, under circumstances

entitling him to the benefits of the Act above mentioned and the policy issued by the respondent thereunder. The total cost to January 1, 1954, of hospitalization, surgery, medicine and all other medical expenses incurred by appellant as the result of his injuries amounted to $4,788.61, as follows:

| | |
|---|---:|
| Nurses' bills totaling | $1,488.00 |
| Dr. Randolph C. Charles | 465.00 |
| Marlboro County General Hospital | 1,620.20 |
| Dr. Kenneth M. Lynch, Jr. to 1/1/54 | 525.00 |
| Roper Hospital to 1/1/54 | 653.41 |
| Roper Hospital 1/21/54 to 1/23/54 | 37.00 |
| Total | $4,788.61 |

It is noted that included in the above items is one of $37.00 for expenses at Roper Hospital from January 21, 1954 to January 23, 1954.

The agreed statement of facts does not mention when or from whom respondent received notice of the accident, or the date or dates when it made the payments hereinafter referred to. It was stated in oral argument before this court that the accident was reported to respondent by the school superintendent some four months after it had occurred, and that following receipt of such notice the Columbia agent of respondent wrote to the school superintendent inquiring as to what physician and what hospital were concerned, and as to whether the bills had been paid by appellant's parents. At any rate, following such inquiry, respondent was advised of the nurses' bills totaling $1,488.00 and of the bill of Dr. Randolph C. Charles in the amount of $465.00; and respondent thereupon paid these bills directly to the nurses and Dr. Charles. Thereafter, the bill of Marlboro County General Hospital was presented, in the amount of $1,620.20 and respondent tendered to the hospital $1,047.00, which was the balance of the policy coverage of three thousand ($3,000.00) dollars remaining after the payments to Dr.

Charles and the nurses. This offer of payment was refused by the hospital.

The "statement" in the transcript of record does not mention the date on which the action was commenced as required by Section 3 of Rule 4 of the Rules of this court, nor does this date appear elsewhere in the transcript. The only allegations of the complaint relating to the cost of hospitalization, surgery, medicine or other medical expenses are those of paragraph 8, reading as follows:

"That the minor plaintiff has incurred medical expenses exceeding the sum of Three Thousand ($3,000.00) Dollars, including a hospital bill to Marlboro County General Hospital in the amount of Sixteen Hundred Twenty and 20/100 ($1,620.20) Dollars, bill of Dr. Randolph C. Charles in the amount of Four Hundred Sixty-five ($465.00) Dollars, and nurses' bills of Fourteen Hundred Eighty-eight ($1,-488.00) Dollars."

It may be assumed therefore that the amounts due Dr. Lynch and Roper Hospital were unknown to the plaintiff, or at least were not considered with particularity, when the complaint was drawn, and that these amounts were not known to respondent until after the commencement of the action.

The issue involved is whether or not the payments made by respondent to the nurses and to Dr. Charles, as above set out, to that extent discharged its liability under the Act and under its policy issued pursuant thereto. Appellant contends that these payments were improper and did not operate to discharge respondent's liability to that extent, because the policy provided:

"In the event the Insured Employee is a minor, benefits provided by this policy for loss of life shall be payable to the parent, guardian or person standing *in loco parentis* to such minor. In all other circumstances, benefits for loss of life shall be payable to the estate of the Insured Employee.

All other indemnities under this policy are payable to the Insured Employee.

"The words 'Insured Employee' as used in this policy mean any person lawfully entitled to occupy a seat in any school bus owned and operated by the Employer".

Respondent contends that the payments were made in an honest effort to meet its responsibilities under the Act, that they discharged appellant's obligations for surgical and medical expenses to that extent, and that therefore they reduced respondent's liability accordingly.

The circuit judge, to whom the cause was submitted under the agreed statement of facts before mentioned, held that the payments made by respondent to the nurses and to Dr. Charles discharged its liability to that extent and reduced its obligation under the policy to one thousand forty-seven ($1,047.00) dollars, for which amount he ordered judgment. To quote from his Order:

"The plaintiff does not contend that the defendant has paid out funds for any purpose other than those stated in the Act. He does not contend that he has not benefited by the payments so made. He simply contends that the defendant should be required to pay again because the funds were not paid to the minor plaintiff or his representative, so that *pro rata* payment could be made to all who have medical claims. This case is not, in my opinion, analogous to cases dealing with life insurance contracts or with tort claims, where minors are involved. This is a policy issued to accomplish the statutory purpose of meeting the medical expenses of school children injured under the circumstances here. In the present case the funds could only be used to pay medical bills, the purpose for which it is admitted the partial payments have been applied. I think therefore that the court may under such circumstances, irrespective of the question of whether generally such funds should be paid to the minor or his representative, approve the application of the funds so made and discharge the defendant from liability for such amounts. The bills paid were for the statutory

purposes, they were reasonable in the light of the services rendered, and the infant plaintiff received every benefit from the payments that he would have received if they had been made to him or his representative".

The School Bus Insurance Act does not specify to whom the benefits under the insurance contracts shall be paid. The quoted language of the policy does specify that all benefits other than for loss of life, are payable to the "insured employee",—in the instant case, the appellant. The purpose of the Act is to provide, by means of the insurance, "an amount sufficient to defray the cost of hospitalization, surgery, medicine, and all other medical expenses up to three thousand dollars ($3,000.00)". Whether or not a hospital or a surgeon or a physician or a nurse rendering to the "insured employee" the services referred to in the Act would have a right of action against the insurer under the policy, or any right in the proceeds of the policy in the hands of the insured, are questions not before us here. In good morals, the payments under the policy for the statutory purposes here involved, if made to the insured or his guardian, should be used for those purposes. But it does not follow that the insurance company has the right to make payment directly to the hospital or the surgeon or the physician or the nurse, for the contract of insurance expressly provides otherwise. Moreover, if the "insured employee" should be without funds other than the proceeds of the policy with which to meet such expenses, and the total coverage should be, as here, insufficient to meet these expenses in full, payment of one or more of such creditors in full would be inequitable and violative of the spirit, at least, of the statute. This is not an action for breach of the insurance contract; on the contrary, it is essentially one to require its performance. The payments made by respondent, however well intentioned, were not made in accordance with the terms of the policy, and the trial judge was, we think, in error in holding that respondent's obligation under the policy was reduced to the extent of the amounts

so paid. Judgment should have been awarded in favor of the plaintiff in the amount of three thousand ($3,000.00) dollars. This conclusion does not deprive respondent of its right of subrogation against the estate of the minor to the extent of the payments made by it, which admittedly were made in good faith and in payment of appellant's obligations to which the proceeds of the policy, if paid to appellant, would have been applicable. Respondent was not a volunteer in such sense as to be without the scope of the doctrine of subrogation, which, being based in equity and good conscience, should be expansively and liberally applied. 50 Am. Jur., Subrogation, Par. 21, p. 697.

The judgment in the amount of the coverage, three thousand ($3,000.00) dollars, should be paid to a duly appointed guardian of appellant authorized to receive the same, and by him used, with any other available assets of the minor's estate, for the payment of the hospital, surgical and medical expenses hereinbefore referred to. Respondent may, if so advised, file its claim with the guardian for the amount of the bills of Dr. Charles and the nurses which it has paid, and as to such payments will stand in the shoes of these creditors. If there be no assets of the minor's estate other than the proceeds of the judgment available for the payment of the hospital, surgical and other medical expenses, which, including the claims to which respondent will be entitled to be subrogated, amount to four thousand seven hundred eighty-eight & 61/100 ($4,788.61) dollars, it is obvious that these funds must be pro-rated among the several claims, including that of the subrogee.

The judgment of the lower court is modified accordingly and the cause is remanded to that court for further proceedings not inconsistent herewith.

STUKES, TAYLOR and OXNER, JJ., and E. H. HENDERSON, Acting Associate Justice, concur.