Elizabeth Waldo CHAPLIN

v.

MERCHANTS NATIONAL BANK OF AURORA, ILLINOIS, a National Banking Corporation, and J. E. Brunnemeyer, as Trustees under the Last Will and Testament of W. Ratcliffe Waldo, Deceased.

No. 57 C 876.

United States District Court
N. D. Illinois, E. D.
Jan. 26, 1959.

Richard C. Hamper, Aurora, Ill., for plaintiff.

William F. Morrissey, Chicago, Ill., H. L. Beamish, Aurora, Ill., for defendants.

LA BUY, District Judge.

The parties have stipulated the facts in the above cause.

The sole question to be decided is whether the plaintiff, named beneficiary in certain life insurance policies of decedent and joint owner of certain stocks which had been pledged as collateral with consent of the plaintiff to secure a loan of decedent, is entitled to recover the amount thereof from the trustees of the testamentary trust. After cashing the said policies and stock certificates, the creditor released other collateral also deposited as security for the loan to the decedent's estate. The estate was closed and an order of distribution was entered distributing the estate assets to the testamentary trustees.

Under Illinois law the designation of a beneficiary in a policy of in-

surance creates an inchoate gift of the proceeds of the policy which, if not revoked by the insured during his lifetime, vests in the beneficiary at the time of insured's death. Freund v. Freund, 1905, 218 Ill. 189, 75 N.E. 925; Federal Life Ins. Co. v. Tietsort, 7 Cir., 1942, 131 F.2d 448. Such continuing right to receive the proceeds is not impaired by the unexercised right or privilege of the insured to designate another beneficiary. A policy of insurance is not deemed an asset of the estate of the insured unless it is made payable to him, his executors or administrators. Gurnett v. Mutual Life Ins. Co., 1934, 356 Ill. 612, 191 N.E. 250. The Supreme Court of Illinois has also held that with the consent of the beneficiary a fund to be derived by a policy may be voluntarily assigned, pledged, or hypothecated for the purpose of securing a debt, and the holder of the policy will be entitled to collect it to the extent of his interest therein. See Lombard v. Balsley, 1913, 181 Ill.App. 1.

The plaintiff's suit is premised on the principle of subrogation—that is, that the beneficiary of a life insurance policy pledged as security for the debt has the right to be subrogated to the pledgee's claim against the insured's estate for the amount paid to the pledgee out of the proceeds of the policy. Such a right has been said to be dependent upon the particular facts and circumstances of the case and a determining factor is the intention of the insured. See Annotation, 83 A.L.R. 77; Barbin v. Moore, 1932, 85 N.H. 362, 159 A. 409, 83 A.L.R. 62; Annotation, 160 A.L.R. 1389; Smith v. Coleman, 1945, 184 Va. 259, 35 S.E.2d 107, 160 A.L.R. 1376. No Illinois cases have been cited by the parties on this application of the principle of subrogation.

The court finds the reasoning in Smith v. Coleman, supra, helpful and persuasive. The Virginia Supreme Court of Appeals held that if no change was made in the policy, upon the death of the insured the right of the beneficiary becomes fixed and vested. The creditor, after the death of the insured, retained part of the proceeds of the policy involved in payment of the loan and returned the other collateral to the estate of the insured. Although the beneficiary had consented to the assignment of the policy, the court concluded that while the creditor had the right to use the collateral to pay the debt due it, the exercise of this right did not deprive the beneficiary named in the policy of her right to subrogation, as it was her money that was used to discharge an obligation for which the estate was primarily obligated; and the rights of the beneficiary should not be foreclosed through the whim or arbitrary action of the creditor absent a showing that such selection of collateral was in accord with the intention of the insured.

To defeat the right of a beneficiary it must appear that the insured, by the wording of the instrument assigning the policy or evidencing the loan, or by testamentary disposition, accomplishes such a result.

Neither plaintiff nor defendant has called specific provisions of the assignments or note to the court's attention and both rest on the last will and testament of the deceased. Such document, after providing for the payment of debts, establishes a trust for the plaintiff's minor children and makes no reference to plaintiff. It is stated by defendants that if plaintiff should succeed in this suit, there will be no assets left to administer the trust and decedent's intention will thus be defeated. The failure of the last will and testament to refer in any way to the plaintiff cannot be interpreted to establish that she was to receive nothing under the policies of insurance.

If from the assignment of the policies and the promissory note it appears that decedent intended that the policies be used as the primary fund for the discharge of his debt rather than his estate or the other collateral, the rights of the plaintiff would be effectively negatived. Nothing appears in the promissory note to aid the court in this regard. It provides that the holder of the note

had the right to sell, assign, and deliver all of the security in the event of non-performance of the promise and

> "The holder may at its option, whether this note is due or not due, demand, sue, collect, or make any compromise or settlement it deems desirable with reference to the collateral held hereunder. The holder shall have no duty as to the collection or protection of the collateral held hereunder or any income therefrom, nor as to the preservation of any rights pertaining thereto beyond the safe custody thereof,"

The assignments of the life insurance policies were effected on standard forms and provided that the assignee-creditor had

> "The sole right to collect from the Insurer the net proceeds of the Policy when it becomes a claim by death * * *.
>
> * * * * * *
>
> "E. The Assignee covenants and agrees with the undersigned as follows:
>
> "1. That any balance of sums received hereunder from the Insurer remaining after payment of the then existing Liabilities, matured or unmatured, shall be paid by the Assignee to the persons entitled thereto under the terms of the Policy had this assignment not been executed."

In connection with the pledging of the stock which was in joint ownership, the power of attorney and agreement signed by plaintiff are in the usual form.

The court is of the opinion that none of the documents excuted by decedent, or those executed by both plaintiff and decedent relating to the collateral deposited to secure the loan, evince a clear intention that they were to be the primary source for the payment of the debt and that she was to be deprived of her interest as beneficiary under these policies to that extent. Plaintiff's rights under the policies vested and became hers and she is entitled to subrogation to the rights of the creditor and pursue her property rights.

Defendants urge that plaintiff should have asserted her rights against the estate and should not now be permitted to sue the trustees in whose hands the estate property now reposes. The plaintiff urges that the Probate Court has no jurisdiction to try the question of title since the laws and Constitution of Illinois do not give it that jurisdiction. However, on August 4, 1949, the Probate Act was amended to add subsection (a) to § 339 providing:

> "Upon the filing of a verified petition therefor by any person and upon such notice as the court may direct, the probate court may order an executor, administrator, guardian, or conservator having in its possession or control any personal property, book of account, paper, or evidence of title to land or of debt which belongs to the petitioner, to deliver the same to the petitioner, or his agent. The court may hear the evidence offered by any party, may determine all questions of title, claims of adverse title, and the right of property, and may enter such orders and judgment as the case requires. Upon the demand of any party to the proceeding, questions of title, claims of adverse title, and the right of property shall be determined by a jury." Ill.Rev. Stat.1959, c. 3, § 339a.

While such a course conceivably was open to the plaintiff, the court is of the opinion that it was not the exclusive method by which plaintiff could assert her rights and the present suit is proper.

For the above and foregoing reasons, the court is of the opinion that judgment should be entered for the plaintiff.

Defendants have renewed their motion to add the minor beneficiaries of the trust as parties defendant. The court has previously overruled this motion and adheres to such ruling.

The stipulated facts of the parties and this memorandum shall constitute the findings of fact and conclusions of law in this case. Counsel are requested to present an appropriate judgment order.