19467

Ellen H. MURPHY, Respondent, v. Grace H. MURPHY, et al.,
Appellants
(190 S. E. (2d) 735)

*Mrs. Betty M. Sloan,* of Columbia, *for Appellants,*

*Norman E. Fogle, Esq.,* of Orangeburg, *for Respondent,*

August 7, 1972.

Lewis, Justice:

The question to be decided is whether the beneficiary of a life insurance policy, which the insured assigned as collateral for a debt also secured by a mortgage of real estate, is entitled to be subrogated to the rights of the mortgagee who collected the indebtedness from the insurance proceeds.

The only dispute as to the material facts in the case involves testimony of respondent and other witnesses, admitted over appellants' objections, to the effect that the insured and respondent had an agreement that respondent would pay the premiums on the policy and receive the entire insurance proceeds as beneficiary. Appellants insist that this testimony was inadmissible and improperly considered by the lower court because it was (1) in violation of the Deadman's Statute, Section 26-402, 1962 Code of Laws; (2) hearsay; and (3) in violation of the parole evidence rule. These questions need not be determined, since the elimination of such testimony from the record would not affect the result of this appeal. The judgment of the lower court must be affirmed irrespective of the testimony in question. This testimony, therefore, is not considered in our disposition of the appeal.

Wyman Ray Murphy, deceased, obtained a loan from the First Federal Savings and Loan Association of Orangeburg, South Carolina, in the amount of $6,800.00, and executed a note and mortgage of real estate to secure the payment of the indebtedness. Pursuant to the requirements of the mortgage, Murphy assigned a previously issued policy of insurance on his life, in the amount of $15,000.00, as "collateral security" for the indebtedness, with Doris A. Murphy, beneficiary, also joining in the assignment. Some time after the assignment, the beneficiary of the insurance policy was changed to respondent, the mother of the insured.

The insured subsequently died intestate leaving as his heirs at law the appellants who are: Grace Murphy, his widow, and three children, Audie Ray Murphy, Wyman Ray Murphy, Jr., and Melissa Raye Murphy.

Upon the insured's death, the Building and Loan Association elected, under the terms of the assignment, to collect its indebtedness from the proceeds of the insurance policy. The insurance company, accordingly, paid to the Building and Loan Association the sum of $6,214.59, as the balance due under the note and mortgage. The remaining proceeds from the policy were paid to respondent, the named beneficiary. Respondent then brought this action against the heirs at law of the insured and the administrator of his estate to recover the amount of the insurance proceeds which had been paid in satisfaction of the insured's indebtedness. The right to recover was based upon respondent's claim of subrogation, as beneficiary under the policy, to the rights of the mortgagee in the note and mortgage. The lower court sustained respondent's contention and ordered the real estate sold under foreclosure to pay her claim. This appeal is from that judgment.

The written assignment and the real estate mortgage are a part of the record, but the policy of insurance is not. The mortgage ,contained a clause permitting the morgtagee to require the "maker, co-maker or endorser of any indebtedness secured hereby to carry life insurance upon himself in

a sum sufficient to pay all sums secured by this mortgage, designating the mortgagee as beneficiary thereof."

Pursuant to the foregoing provision of the mortgage, the mortgagee, instead of designating it as beneficiary, required the mortgagor to assign to it the insurance policy in question. The assignment provided that the mortgagee would hold the policy "as collateral security for any and all liabilities" of the mortgagor, with the "sole right to collect from the insurer the net proceeds of the policy when it becomes a claim by death or maturity" and the right to determine the order of preference in the application of the policy proceeds to: (a) principal of and/or interest on liabilities; (b) premiums on the policy; (c) principal of and/or interest on loan or advances made by the insurer on the policy. The mortgagee agreed to pay any balance of sums received, after payment of existing liabilities, "to the persons entitled thereto under the terms of the policy had this assignment not been executed."

Among the specific rights expressly reserved by the mortgagor (insured) was "the right to designate and change the beneficiary," subject to the rights of the mortgagee under the assignment.

Whether the beneficiary of a life insurance policy which the insured assigned as security for a debt has the right to be subrogated to the creditor's claim against the insured's estate for the amount paid to the creditor out of the proceeds of the policy depends primarily upon the intention of the insured, as disclosed by the facts and circumstances of the particular case. 43 Am. Jur. (2d), Insurance, Section 717; Annotation: 91 A. L. R. (2d) 496; 83 C. J. S. Subrogation § 44, page 664.

The general principle governing the determination of the right of subrogation, where the insured's debt was, as in this case, secured by a lien on real estate as well as a policy of insurance, is stated in 43 Am. Jur. (2d), Insurance, Section 718, as follows:

"A distinct situation is presented where the insured procured a loan evidenced by his note and a trust deed or mortgage on real estate owned by him, and assigned a policy of insurance on his life as additional collateral for the loan. Under such circumstances the beneficiary seeking subrogation to the rights of the creditors does not merely assert a right as a common creditor against the general assets of the insured's estate, but seeks to be subrogated to the position of a creditor having the right to foreclose against specific real estate securing the debt. In such cases, the right to recover is made to depend upon intention—that is, whether it appears from all the facts and circumstances that it was the intention of the parties to the loan transaction that the policy should be first applied to the payment of the debt or whether it was intended that the real estate should be first used to satisfy the indebtedness."

Subrogation is ordinarily allowed where it appears that the parties intended that the real estate was to be used as the primary security for the debt, and denied where the policy of insurance was intended as the primary security. Annotation: 91 A. L. R. (2d) 496, 504, Section 5.

Our decision in *Ex Parte Boddie,* 200 S. C. 379, 21 S. E. (2d) 4, involved the application of the foregoing principles to a similar factual situation and requires affirmance of the judgment under appeal. The Court in *Boddie,* as here, had before it only the instruments involved, without direct evidence of the intention of the parties; and, in construing similar provisions of the mortgage and assignment, concluded that it was the intention of the parties that the real estate be the primary security for the indebtedness and the insurance proceeds the secondary security. The proceeds of the insurance policy were accordingly directed to be paid over to the beneficiary.

There is nothing in the present mortgage or assignment which requires that the proceeds of the insurance policy be first applied to the payment of the

indebtedness. On the contrary the mortgage recites that it is given "in order to secure the payment" of the debt, and then provides that the mortgagee *may* require the mortgagor to carry life insurance in a sum sufficient to pay all sums "secured by this mortgage." The provision that the mortgage was given as security for the debt, with the election on the part of mortgagee to require that the mortgagor provide life insurance as collateral, is a clear indication that the mortgage was considered the primary security by the parties.

As reasoned in *Boddie,* if it had been the intention of the parties that the proceeds of the policy should be first used to pay the indebtedness, that could easily have been provided for in express words in the assignment. It was not, and the record amply sustains the conclusion of the lower court that the parties intended that the mortgage should be the primary security for the debt, which entitles respondent to the claimed right of subrogation.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.