0352

Thalia FALK, Appellant, v. VREELAND TRADING CORPORATION and Johanna Fassbender, Individually and as Executrix of the Estate of Kenneth E. Hopps, Respondents.

(325 S. E. (2d) 333)

Court of Appeals

*Morris D. Rosen,* of *Rosen, Oberman & Rosen,* Charleston, *for appellant.*

*W. Jefferson Leath, Jr.* of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondents.*

Heard Oct. 22, 1984.

Decided Jan. 2, 1985.

GOOLSBY, Judge:

The appellant Thalia Falk appeals the order of the master in equity denying her recovery of one-half the proceeds of a life insurance policy. Falk bases her claim upon her alleged status as a subrogee to the rights of the United States Small Business Administration (SBA) against the respondents Vreeland Trading Corporation (Vreeland) and Johanna Fassbender, individually and as executrix of the estate of Kenneth E. Hopps. The master denied subrogation. We reverse.

The sole question for our consideration on appeal is whether Falk, a fifty percent beneficiary of the proceeds of a life insurance policy assigned to the SBA as security for a

debt owed the SBA by Vreeland, is entitled to recover as a subrogee to the rights of the SBA where the SBA, rather than proceeding against the debtor, applied the insurance proceeds toward satisfaction of the debt.

The parties stipulated to the facts surrounding the SBA guaranty agreement. They also stipulated that, in the event the court held Falk entitled to recover, the amount of recovery would be one-half of the insurance proceeds, plus interest.

In 1966, Vreeland obtained a $50,000 loan from the SBA. The loan was secured by a loan agreement and by an assignment of a $50,000 life insurance policy issued by the Equitable Life Assurance Society. Hopps also personally guaranteed Vreeland's note.

When the Equitable policy lapsed in 1970, Hopps replaced it with one in the amount of $30,000 purchased from the Bowery Savings Bank. He designated Falk and Dororthy E. Hopps as equal beneficiaries under the policy and thereafter assigned the policy to the SBA to secure the Vreeland note. At the time of the assignment, Hopps owned all the capital stock in Vreeland.

On May 18, 1977, Hopps executed his will and bequeathed Falk a specific gift of $50,000. The same day Hopps substituted Fassbender for Dorothy Hopps as a beneficiary under the Bowery policy. Falk's status as a beneficiary, however, remained unchanged.

Following Hopps's death on April 26, 1978, Fassbender qualified as executrix of Hopps's estate. Hopps's will devised and bequeathed Fassbender a large part of his estate, including all the capital stock in Vreeland.

At the time of Hopps's death, Vreeland still owed the SBA. Rather than attempt to have Vreeland pay the amount it owed the SBA, the latter chose simply to collect the insurance proceeds and apply them toward the debt.

In her complaint, Falk alleges she is subrogated to the rights of the SBA and may collect from Vreeland and Fassbender the amount she would have received as a fifty percent beneficiary under the Bowery policy.

Whether a beneficiary under circumstances like those presented here has a right to subrogation depends upon the intention of the insured. *Seitz v. Seitz*, 238

Miss. 296, 118 So. (2d) 351 (1960); *Smith v. Coleman,* 184 Va. 259, 35 S. E. (2d) 107, 113 (1945); *In re Gallagher's Will,* 57 N. M. 112, 255 P. (2d) 317 (1953); *see* 43 Am. Jr. (2d) *Insurance* Section 818 at 872-73 (1982); Annot., 91 A. L. R. 496, Section 2 at 497-98 (1961). It does not depend upon the arbitrary decision of the creditor to satisfy the debt from the proceeds rather than from a different source, such as the assets of the insured's estate. *Smith v. Coleman, supra.* A beneficiary is not entitled to subrogation if it appears that the insured intended the policy to be used as the primary fund for the discharge of the debt. *Clio Farm Equipment Co. v. United States of America,* No. 82-1882-15, slip op. at 26 (D. S. C. Nov. 4, 1983); *Chaplin v. Merchants National Bank of Aurora, Ill.,* 186 F. Supp. 273 (N. D. Ill. 1959); *see Murphy v. Murphy,* 259 S. C. 147, 190 S. E. (2d) 735 (1972); *Ex parte Boddie,* 200 S. C. 379, 21 S. E. (2d) 4 (1942). Indeed, "[t]o defeat the right of a beneficiary, it must appear that the insured by the wording of the instrument assigning the policy or evidencing the loan, or by testamentary disposition, accomplishes such a result." *Chaplin v. Merchants National Bank of Aurora, Ill., supra,* 186 F. Supp. at 274.

The doctrine of subrogation is a creature of equity [*Collins v. Indemnity Ins. Co. of North America,* 226 S. C. 567, 86 S. E. (2d) 578 (1955); *Powers v. Calvert Fire Ins. Co.,* 216 S. C. 309. 57 S. E. (2d) 638, 16 A. L. R. (2d) 1261 (1950) ]; and since this is an action in equity tried before the judge alone, we have jurisdiction to find the facts in accordance with our own view of the preponderance of the evidence. *Townes Associates v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976); *Baptist Foundation for Christian Education v. Baptist College,* S. C., 317 S. E. (2d) 453 (S. C. App. 1984). Because our review of the evidence in this case convinces us that the insured did not intend the policy to be the primary source of payment of the debt, we hold that Falk is entitled to be subrogated to the rights of the SBA and to pursue her property rights.

We note that none of the documents executed by Hopps contains an express provision depriving Falk of her interest as a beneficiary under the policy. *Chaplin v. Merchants National Bank of Aurora, Ill., supra.* In fact, nothing appears in the assignment or the will to indicate an intention on the

part of the insured that the insurance proceeds be the primary source of payment of the debt. If Hopps had intended the policy proceeds to be the primary fund with which to satisfy the debt, he could easily have declared that intention by express language in the assignment or the will. *Murphy v. Murphy, supra.* This he did not do.

The respondents argue, however, that the fact Hopps bequeathed $50,000 to Falk on the same day he substituted Fassbender as a beneficiary on the Bowery policy indicates Hopps intended to deprive Falk of a share of the proceeds. We do not agree. The fact that Hopps provided for a bequest to Falk and did not at the same time eliminate her as a beneficiary on the policy does not establish, without more, that Hopps intended the policy to be used as the primarly fund for the discharge of the debt.

We feel it far more likely that Hopps intended Falk to receive both the bequest and the sum payable under the policy. After all, Hopps could have made someone else his beneficiary, including his estate or Vreeland, had he not wanted Falk to receive anything under the policy. Indeed, Hopps could have dropped Falk as a beneficiary altogether. Instead, he retained Falk even though he removed Dorothy Hopps.

Finally, the respondents emphasize, as did the master, that the estate is not primarily indebted to the SBA and received no benefit from the payment of the insurance proceeds to the creditor. While we recognize that the issue involved in this case usually arises where a debt of the deceased insured is paid by the assignment of an insurance policy [*see* Annot., 91 A. L. R. (2d) 496 (1961) ], we regard as irrelevant the fact that the deceased insured was not the primary debtor here. Again, the intention of the insured ordinarily determines whether a beneficiary of a life insurance policy pledged by the insured as security for a debt enjoys a right of subrogation. *Seitz v. Seitz, supra; Smith v. Coleman, supra; In re Gallagher's Will, supra.*

Reversed.

SHAW and CURETON, JJ., concur.